UNITED STATES, Appellee

v

RICHARD L. TURNER, Private First Class, U. S. Army, Appellant

16 USCMA 80, 36 CMR 236

No. 18,938

March 4, 1966

*Captain Frank J. Martin, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Jacob Hagopian.*

*Captain Joseph H. Crosby* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

FERGUSON, Judge:

Arraigned and tried before a general court-martial, the accused pleaded guilty to two specifications of wrongful sale of marihuana and one specification of its wrongful possession, all in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was duly convicted and sentenced to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for fifteen years, and reduction to private. Pursuant to the terms of a pretrial agreement, the convening authority reduced the adjudged confinement to thirty months, but otherwise approved. The board of review, without writing an opinion, affirmed but, on the basis of the entire record, further reduced the adjudged and approved confinement to fifteen months. We granted accused's petition for review upon the assignment that:

"THE LAW OFFICER ERRED IN FAILING TO INSTRUCT THE COURT-MARTIAL THAT EVIDENCE OF OTHER SIMILAR OFFENSES, WHICH WAS ADMITTED AS PART OF A STIPULATION OF FACTS, COULD NOT BE CONSIDERED ON THE SENTENCE."

A stipulation of fact was submitted to the court in connection with accused's guilty plea. In setting forth the circumstances of the alleged offenses, it further declared that the purchaser of the marihuana had then "known the accused for approximately a year and had knowledge of the accused wrongfully selling marihuana to other persons." On the following day, this same purchaser bought additional marihuana from the accused on behalf of military investigators. Our grant is concerned only with his stipulated "knowledge of the accused wrongfully selling marihuana to other persons."

The Government strenuously urges that this proof of other, uncharged misconduct by the accused was admissible to refute the defense of entrapment and no limiting instruction is, therefore, required. The argument misses the mark. Such evidence of other misconduct is indeed admissible to rebut a claim of entrapment by an agent of the Government, see United States v Rock, 9 USCMA 503, 26 CMR 283, and United States v Hawkins, 6 USCMA 135, 19 CMR 261, but the requirement for a limiting instruction presupposes admissibility. Otherwise, proof of uncharged offenses would be excluded entirely as irrelevant to the issues in the case. As we stated in United States v Conrad, 15 USCMA

81

439, 35 CMR 411, at page 446, the purpose of such an instruction is "to direct the attention of the court-martial, in an affirmative manner, to the only and very limited purpose for which such evidence was admissible." See also United States v Back, 13 USCMA 568, 33 CMR 100. The advice is, in the words of the Chief Judge, speaking for the Court in United States v Bryant, 12 USCMA 111, 30 CMR 111, at page 115, "a necessary concomitant of such evidence." Nor does United States v Boyd, 7 USCMA 380, 22 CMR 170, upon which the Government relies, conflict in any way with this principle, for there we dealt, not with evidence of uncharged misconduct, but with proof of noncriminal circumstances bearing directly on the allegations before the court-martial. Under such conditions, it is obvious that no limiting instruction was required, for there was nothing to be limited.

We hold, therefore, as our precedents require, that, even assuming admissibility of the stipulated fact accused had engaged in other, uncharged sales of marihuana, it was the duty of the law officer, *sua sponte*, to instruct the court that such evidence of other misconduct could not be considered by it on the sentence or for any purpose other than that for which it was received. United States v Gewin, 14 USCMA 224, 34 CMR 4; United States v Conrad, United States v Back, United States v Bryant, all supra. The absence of this advice is clearly erroneous.

Turning to the question of prejudice from the court's unlimited consideration of the stipulated ▇▇▇▇▇ ▇ statement, we find such to be clearly demonstrated. Its use permitted the accused to be painted before the court as a regular dope peddler, and, in precisely eight minutes, its members returned the maximum possible sentence.

Finally, we point out there has been no purging below of the ▇▇▇▇▇ ▇ prejudicial effect of the erroneous omission to instruct. The post-trial review of the

staff judge advocate makes no mention of the matter, and the reduction in the adjudged sentence, although found appropriate, was based on the terms of the pretrial agreement—representing no more than the best "deal" the accused could get under the circumstances. And while the error was assigned before the board of review, it wrote no opinion and made no mention of the matter in its decision. It is undoubtedly entitled so to dispose of cases, but, lacking information as to the basis of its action, for aught we know, it agreed with the Government's argument before it that no instruction was required or, if required, there was no prejudice. As has been seen, we here reject both contentions, and, absent any showing the board reassessed the sentence in light of the error presented, we cannot say its prejudicial character has been negated. United States v Ompad, 15 USCMA 593, 36 CMR 91; cf. United States v Crusoe, 3 USCMA 793, 14 CMR 211.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Army. The board may reassess the sentence in light of the error we find, or direct a rehearing thereon.

KILDAY, Judge (concurring):

I concur.

The court members here were not cautioned that they were to give no consideration to any uncharged marihuana offenses in their deliberations on punishment. Thus, the danger is manifest that, whether intentionally or no, such evidence might serve to paint accused as a "dope pusher," a matter surely to be reflected in the adjudged sentence.

Under the circumstances of the instant case, I believe it necessary to insure that any adverse effect of the above error, on accused's sentence, has been eliminated. Insofar, however, as Judge Ferguson's opinion may be interpreted by those concerned with military justice as auguring against this Court's decision in United States v

Crusoe, 3 USCMA 793, 14 CMR 311; United States v Peters, 8 USCMA 520, 25 CMR 24; and United States v Christopher, 13 USCMA 231, 32 CMR 231, I prefer to disassociate myself from any such possible construction.

I join in remanding the case for reassessment of sentence or a rehearing thereon.

QUINN, Chief Judge (dissenting):

We are dealing with a stipulation of fact, not merely one of expected testimony. The stipulation is consistent with the accused's professed desire to "come into court and . . . [make] a clean breast of things," and the accused's admission that he had previously used marihuana. Since the accused actually participated in presenting the matter to the court-martial, I assume he anticipated that he might obtain some advantage from it. I am unable, therefore, to conclude that the way in which the information was presented, or the fact of its presentation, was erroneous and prejudicial.

I would affirm the decision of the board of review.