UNITED STATES, Appellee

v

CHARLES M. VOGEL, Private First Class,
U. S. Marine Corps, Appellant

17 USCMA 198, 37 CMR 462

No. 20,050

August 11, 1967

*Thomas Hart Taylor, Esquire,* and *Major L. G. Bohlen,* USMC, argued the cause for Appellant, Accused.

*Captain Francis T. Coleman,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Major Ernest B. Wright,* USMC.

### Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused was, upon his pleas of guilty, convicted of wrongful and unlawful transfer of marihuana and of wrongful possession of the same drug, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances,

confinement at hard labor for twenty-four months, and reduction. The convening authority approved the sentence. The board of review reduced the period of confinement imposed to one year, but otherwise affirmed, one member dissenting. We granted accused's petition upon assignments that the law officer erred in refusing to permit Vogel's squadron commander to testify he desired to have him returned to his organization for duty and in instructing the court that it might consider evidence of other, uncharged misconduct in measuring the sentence to be imposed. In addition, we ordered arguments on the propriety of comments in the staff legal officer's post-trial review.

I

Following the findings of guilty, the accused presented evidence in extenuation and mitigation. A sworn statement of a Sergeant Magee was offered in which it was declared, *inter alia*, that he desired to have Private First Class Vogel, in view of his past record and the circumstances, "return to us for completion of his training." The law officer refused to receive that portion of the statement. In like manner, he refused to permit a Major Manhard, accused's squadron commander, to testify whether he would wish Vogel returned to his unit.

In United States v Robbins, 16 USCMA 474, 37 CMR 94, we were confronted with the identical question. While we pointed out that a law officer might, within his discretion, be justified in rejecting a portion of a written statement in which it was declared that the author desired the accused to return to duty, we nevertheless held it was clearly error for the similar testimony of a witness in court to be so rejected. Such, we said, was an opinion, which "bears on the accused's character" and "is admissible in a court-martial." United States v Robbins, supra, at page 478. See also United States v Guy, 17 USCMA 49, 37 CMR 313. Accordingly, we find the law officer erred in refusing to permit Major Manhard to testify that he

would desire to have the accused returned to duty in his command.

II

The second issue before us deals with the law officer's instructions on the sentence which permitted the court to consider evidence of other, uncharged misconduct in determining an appropriate punishment.

As a part of the presentencing proceedings, considerable evidence was adduced by both the defense and the prosecution, indicating that the accused was, and had been for a number of years, a user of marihuana. In his advice to the court, the law officer stated:

". . . Now we've had considerable evidence before the court in extenuation and mitigation, as well as in aggravation, of the accused's use of marijuana. The court is aware, I am sure, that the accused is charged with transfer of and possession of marijuana. He is not charged with, nor is he being punished for, the use of marijuana. These matters have been presented to the court by the accused *and they are facts and factors which the court can consider in determining what an appropriate sentence is for this accused for the offenses of transfer of and possession of marijuana.*" [Emphasis supplied.]

We have many times held that evidence of uncharged misconduct may not be considered by a court-martial in determining the sentence to be adjudged. United States v Kirby, 16 USCMA 517, 37 CMR 137; United States v Turner, 16 USCMA 80, 36 CMR 236; United States v Gewin, 14 USCMA 224, 34 CMR 4. The accused is, in fact, entitled to an instruction to that effect. United States v Gewin, United States v Kirby, both supra. Here, however, the court was affirmatively advised of the opposite proposition, *i.e.*, that such misconduct *could* be considered. Such was clearly erroneous. See also United States v Rodriguez, 17 USCMA 54, 37 CMR 318.

### III

Left for determination is the question of prejudice. United States v Guy, supra; United States ▮▮▮▮▮■ v Back, 13 USCMA 568, 33 CMR 100. The accused was portrayed to the court-martial as a young Marine of good background, with no prior involvement in disciplinary proceedings and one of whom his superiors thought highly. Yet, a bad-conduct discharge was adjudged.[1] We cannot say with any degree of assurance that the exclusion of his commander's desire to have him returned to his unit and directing the court-martial to consider his long use of marihuana did not affect its conclusion that a punitive discharge should be included in the sentence. United States v Rodriguez, United States v Guy, both supra. In consequence, we believe a fair risk of prejudice to exist and conclude that further corrective action is required at the trial level, where accused will be free to present his properly offered evidence in mitigation and to have the court members correctly instructed. Accordingly, we need not discuss the issue dealing with the post-trial review.

The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing on the sentence is ordered.

Judge KILDAY concurs.

QUINN, Chief Judge (concurring in the result):

The evidence of use was presented by the accused. Obviously, he wanted the court members to consider the evidence. I cannot, therefore, regard it error to instruct the court members that they should consider it. However, I join in the result on the basis of the error in restricting Major Manhard's testimony.

---

[1] In a post-trial petition, the court members recommended its probationary suspension, an action not thereafter implemented.