UNITED STATES, Appellant

v

ADRIAN H. GRIFFIN, Sergeant, U. S. Army, Appellee

19 USCMA 348, 41 CMR 348

No. 22,606

March 27, 1970

*Captain Edwin L. Gage* argued the cause for Appellant, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain William R. Steinmetz.*

*Lieutenant Colonel Charles W. Schiesser* argued the cause for Appellee, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Major Melvin N. Najarian.*

## Opinion of the Court

QUINN, Chief Judge:

A divided United States Army Court of Military Review sitting *en banc,* held that a provision in the Manual for Courts-Martial, United States, 1969, relating to evidence of previous convictions, could not properly be applied to the accused because it had the effect of increasing the punishment to which he was subject over that limited by the 1951 Manual for Courts-Martial. It, therefore, held inadmissible evidence of two previous convictions and reassessed the sentence approved by the convening authority. Pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, the Judge Advocate General of the Army has asked this Court to consider whether the Court of Military Review "was correct in determining that the record of previous convictions was not admissible."

The 1951 Manual provided for the admission of evidence of previous convictions against the accused in connection with the sentence, but it limited the evidence to "offenses committed during a current enlistment, . . . and during the three years next preceding the commission of any offense of which the accused stands convicted." Paragraph 75b(2). Under this provision, the evidence admitted at trial was inadmissible because more than three years had elapsed between the two unauthorized absences for which the accused stood convicted[1] and the two previous convictions.[2] However, the 1969 Manual changed the rule to allow evidence of previous convictions for offenses committed within a six-year period. Paragraph 75b(2), at page 13-9. The Court of Military Review concluded that application of the 1969 Manual change operated to deprive the accused of a substantial right affecting the degree of punishment and could not be invoked against the accused without violating the "spirit of Executive Order 11430," which prescribed the 1969 Manual, and "sound policy considerations" pertaining to sentence.

Executive Order 11430, 3 CFR, 1968 Comp., pages 137–138, promulgated the 1969 Manual. With certain exceptions, it provided that the new Manual would apply to "all court-martial processes" after January 1, 1969. One of the specified exceptions was that the "maximum punishment for an offense committed prior" to the effective date "shall not exceed the applicable limit in effect at the time of the commission of such offense."

Looking at the maximum punishment prescribed in the Table of Maximum Punishments for unauthorized absence, Government counsel note that the penalty was the same at the time of the commission of the offenses as it was at the time of trial. Manual for Courts-Martial, United States, 1951, paragraph 127c, section A; Manual for Courts-Martial, United States, 1969, paragraph 127c, section A. On that basis, they conclude that applying the 1969 change to the accused did not violate the proviso against exceeding the "applicable limit" of punishment. See Ward v State of California, 269 F2d 906 (CA 9th Cir) (1959). Appellate defense counsel challenge this approach to the question as too narrow. For their point

---

[1] One unauthorized absence was for the period from June 5, 1967, to February 5, 1968. The other ran from February 17, 1968, to January 25, 1969.

[2] The first previous conviction was for an unauthorized absence in 1962 and the other was for an unauthorized absence in 1963.

of focus, they have chosen a phrase from Kring v Missouri, 107 US 221, 235, 27 L Ed 506, 2 S Ct 443 (1883), to the effect that any change which, in "its consequences, alters the situation of a party to his disadvantage" violates the constitutional command against *ex post facto* legislation.

Both counsel have provided us with attractive arguments and reasoned comparisons between this case and their respective supporting authorities. As their arguments and the divided opinion of the learned judges of the Court of Military Review indicate, the matter does not lend itself to resolution in terms of strict logic or precedent. See Thompson v State of Utah, 170 US 343, 351, 42 L Ed 1061, 18 S Ct 620 (1898). As we view it, the solution lies in the meaning of the phrase "applicable limit" of punishment.

The limit of punishment may mean simply the maximum penalty prescribed by law for the offenses for which the accused stands convicted. However, it also reasonably implies consideration of other factors which add materially to the burden of a punishment within the maximum range. Writing for a unanimous Supreme Court in Lindsey v Washington, 301 US 397, 400–402, 81 L Ed 1182, 57 S Ct 797 (1937), Mr. Justice Stone noted that a change in the law affecting punishment for a committed offense may not be "technically an increase in the punishment annexed to the crime," but in its "practical operation" it may deprive defendants of "all opportunity to receive a sentence which would give them freedom from custody and control prior to the expiration" of the prescribed maximum; such a change in the burden of a punishment within the maximum is impermissible. In our opinion, the executive order con-templated that the new Manual would not be used if, in practical effect, as well as in law, it operated to increase the limit of punishment from that to which the accused was subject at the time of the offense.

A reading of the background material on the 1969 Manual leaves no doubt that the six-year rule was intended to operate to the practical disadvantage of the accused. Analysis of Contents, Manual for Court-Martial, United States, 1969, paragraph 75b(2). In a particular case, the previous convictions may be for such minor offenses in relation to the offenses for which the accused is to be sentenced as to be insignificant in their influence on the court members in their deliberations on the sentence. The executive order, however, was not drafted for a particular case. Its intention must be determined not on the basis of its application to a particular case, but by its general effect. In general, a record of previous convictions tends to increase the punishment. We commented on this circumstance in United States v Zimmerman, 1 USCMA 160, 163, 2 CMR 66 (1952), as follows:

". . . It would be the unusual—even the unreasonable—man who would not be influenced by this history of prior offenses in assessing the degree of punishment to be given. We would have to close our eyes to reality to assume the contrary."

We conclude that the punishment proviso of the executive order forbade utilization of the six-year provision contained in the 1969 Manual. Accordingly, we answer the certified question in the affirmative, and affirm the decision of the Court of Military Review.

Judges FERGUSON and DARDEN concur.