UNITED STATES, Appellee

v

DWAYNE L. WORLEY, Private,
U. S. Army, Appellant

19 USCMA 444, 42 CMR 46

No. 22,472

May 22, 1970

*Captain Thomas R. Maher* argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel T. Ghent.*

*Captain James L. Rider* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant* and *Major Edwin P. Wasinger.*

### Opinion of the Court

DARDEN, Judge:

The accused having entered a plea of guilty to both possessing and selling marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, a general court-martial on April 17, 1969, found him guilty as charged and sentenced him to a dishonorable discharge, total forfeitures, and confinement at hard labor for five years. Under a pretrial agreement, the convening authority reduced the period of confinement to eighteen months. Later, the findings and sentence were affirmed by the Court of Military Review. We granted review to consider the consequences of the law officer's failure specifically to limit the court's consideration of uncharged misconduct during the sentencing stage.

For sentence purposes, this Court

444

has held that instructions must be given "as to the limited purpose for which the court could consider the evidence of offenses not charged." United States v Rodriguez, 17 USCMA 54, 55, 37 CMR 318 (1967); United States v Gewin, 14 USCMA 224, 34 CMR 4 (1963). This is the *sua sponte* responsibility of the presiding judge or the president of a special court-martial, regardless of the evidentiary source. United States v Turner, 16 USCMA 80, 36 CMR 236 (1966); United States v Averette, 17 USCMA 319, 38 CMR 117 (1967); United States v Baskin, 17 USCMA 315, 38 CMR 113 (1967); United States v Vogel, 17 USCMA 198, 37 CMR 462 (1967).

The Manual for Courts-Martial, United States, 1969, effective January 1, 1969,[1] makes a change, however, in paragraph 76*a*(2) (SENTENCE. *a.* Basis for determining), by the addition of the following:

". . . Whether the maximum or a lesser sentence will be imposed should be determined after a consideration of all the facts and circumstances involved in the case, regardless of the stage of the trial at which they were established. Accordingly, the court may consider evidence of other offenses or acts of misconduct which were properly introduced in the case, even if that evidence does not meet the requirements of admissibility in 75*b*(2) and even if it was introduced for a limited purpose before the findings. See 138*g* and 153*b*(2)(*b*)."

That the new provision professes to change established case law cannot be doubted. See Analysis of Contents, Manual for Courts-Martial, United States, 1969.

Appellate counsel for Worley argue that the above Manual provision is technically inapplicable since the misconduct involved is "irrelevant and inadmissible." But assuming the contrary to be true, counsel point out that "The position urged in paragraph

76a(2) was expressly rejected in *United States v Turner, supra.*" They further contend that the above provision is both "unreasonable and illogical." We disagree.

Early in this Court's history, its decisions acknowledged that the President of the United States could properly promulgate regulations prescribing the procedures to be used in court-martial proceedings "fettered only to the extent that his orders must be consistent with and not contrary" to the Code. United States v Merritt, 1 USCMA 56, 62, 1 CMR 56 (1951). In United States v Jenkins, 7 USCMA 261, 262–263, 22 CMR 51 (1956), a unanimous Court subscribed to the declaration that:

". . . The power to prescribe rules provided for in the Manual is derived from Article 36 of the Code, 50 USC § 611, which declares that the President may prescribe procedure, including modes of proof, provided that in this limited field nothing promulgated by the Manual shall be contrary or inconsistent with the Code. *Modes of proof, as referred to by Article 36, according to the legislative history of the Act, mean only rules of evidence.* See Hearings before the House Committee on Armed Services, 81st Congress, 1st Session, on HR 2498, page 1016 et seq." [Emphasis supplied.] [See also United States v Cothern, 8 USCMA 158, 23 CMR 382 (1957).]

The rules for the admissibility and applicability of other offenses or acts of misconduct are grounded on relevance and materiality. Paragraph 138*g*, Manuals for Courts-Martial, United States, 1951, 1969, and 1969 (Revised edition); 1 Wharton, Criminal Evidence, 12th ed, §§ 232–248; Jones, The Law of Evidence, 5th ed, Relevancy, sections 161–162. "[P]rocedural law includes within its meaning whatever is embraced by the three technical terms 'pleading,' 'evidence,' and 'practice.' " State v Elmore, 179 La 1057, 155 So 896, 898 (1934). See also Beazell v Ohio, 269 US 167, 70 L Ed 216, 46 S Ct 68 (1925); and Payne v

---

[1] See Executive Order 11430, 3 CFR, 1968 Comp, page 137.

Nash, 327 F2d 197 (CA8th Cir) (1964).[2] The promulgation of the rule in paragraph 76a, Manuals supra, reflects a permissible exercise of authority granted the President, earlier case law notwithstanding. Article 36, Uniform Code of Military Justice, 10 USC § 836; United States v Jenkins, supra; United States v Smith, 13 USCMA 105, 32 CMR 105 (1962).

In this case, unlike United States v Griffin, 19 USCMA 348, 41 CMR 348 (1970), we are not confronted by the *ex post facto* effect of a Manual provision on crimes committed before the effective date of the new Manual. The appellant's offenses were committed in February 1969, and at that time the 1969 edition of the Manual was operative. Worley's offenses were committed, then, when he was charged with notice of the new provisions. But, in any event, Worley has no cause to complain for the law officer gave the following gratuitous instruction:

". . . Now, the accused is to be punished, gentlemen, only for the offenses of which you have found him guilty of committing. During the course of this testimony, I'm sure that it was obvious to you that other acts of misconduct were divulged in explaining peoples relations with the accused but I'd ask you not to use those in any manner in punishing him for—you may not use those in any manner in assessing your punishment of these two offenses of which you have found him guilty of committing."

Had we decided a limiting instruction was necessary in this case, this instruction would have been sufficiently specific.

We affirm the decision of the Court of Military Review.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.

---

[2] Perhaps as to findings other considerations could arise. We need not explore these possibilities, however, for they are beyond the scope of the present issue and, therefore, are not our concern.