UNITED STATES, Appellee

v

LARRY L. FLOWERS, JR., Major,
U. S. Army, Appellant

19 USCMA 473, 42 CMR 75

*Colonel Daniel T. Ghent, Captain Monte Engler,* and *Captain Paul C. Saunders* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Captain William R. Steinmetz,* and *Captain Larry S. Seuferer* were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

The appellant pleaded guilty to offenses from 1967 to 1969 with his two daughters involving carnal knowledge, indecent, lewd, and lascivious acts, and communicating threats to kill. He was sentenced to dismissal, total forfeitures, and confinement at hard labor for twelve years, with the confinement being reduced to five years by the convening authority. For various reasons, the Court of Military Review then set aside and dismissed the three specifications of indecent acts and those portions of the remaining specifications related to offenses committed at Mineral Wells, Texas. Affirmed were the portions of those specifications alleging the commission of offenses on post at Fort Wolters, Texas. A dismissal, total forfeitures, and confinement at hard labor for one year were approved. Appellant now contends that the law officer erred by not acting favorably on the defense request at the sentencing stage of trial to limit evidence of uncharged lascivious conduct, adultery, and communications of threats. United States v Averette, 17 USCMA 319, 38 CMR 117 (1967); United States v Baskin, 17 USCMA 315, 38 CMR 113 (1967).

The Manual for Courts-Martial, United States, paragraph 76a(2), effective January 1, 1969, permits the use of other acts of misconduct for sentence purposes. For offenses committed after the above date, this Manual provision permits such use of this evidence at the sentence stage of trial. We have so held in United States v Worley, 19 USCMA 444, 42 CMR 46 (1970). For offenses committed before January 1, 1969, how-ever, this Manual provision may have the practical effect of increasing punishment in violation of the spirit of the Executive Order promulgating the 1969 Manual. Executive Order 11430, 3 CFR, 1968 Compilation, pages 137–138. In United States v Griffin, 19 USCMA 348, 41 CMR 348 (1970), we held that paragraph 75b(2), Manual for Courts-Martial, United States, 1969, had such an effect. That provision extended the permissible limits of evidence of prior convictions from three to six years "next preceding the commission of any offense of which the accused stands convicted." The purpose of paragraph 75b(2) and its effect on sentences are sufficiently similar to that of paragraph 76a(2), Manual, supra, to require application of the *Griffin* rule.

In this case, though, the failure of the law officer to give limiting instructions did not prejudice Flowers. Tried initially for offenses that carried a maximum permissible period of confinement for forty-eight years, he was sentenced to confinement for twelve years. Appellate review further reduced this period to one year. In light of the offenses of which he stands convicted, it is inconceivable to us that had limiting instructions been given regarding other misconduct of the very same nature he would have received less than his present sentence of dismissal, total forfeitures, and confinement for one year. Accordingly, we affirm the decision of the Court of Military Review.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.