UNITED STATES, Appellee

v

RAYMOND J. MARCH, Private First Class,
U. S. Army, Appellant

19 USCMA 476, 42 CMR 78

No. 22,876

May 28, 1970

Colonel Daniel T. Ghent, Captain William W. Rittenhouse, and Captain Thomas R. Maher were on the pleadings for Appellant, Accused.

Colonel David T. Bryant, Major Edwin P. Wasinger, Captain James L. Rider, and Captain William R. Steinmetz were on the pleadings for Appellee, United States.

Opinion of the Court

DARDEN, Judge:

Found guilty by a general court-martial on January 7, 1969, of the possession, use, and sale of marihuana on or about September 17, 1968, the appellant was sentenced to confinement at hard labor for twenty-four months, forfeiture of $100.00 per month for a like period, and reduction to the lowest enlisted pay grade. Modifying the amount of marihuana allegedly possessed, the Court of Military Review affirmed a sentence of only fourteen months' confinement at hard labor and reduction in grade. The question now arises whether the law officer erred in failing to exclude from sentence consideration other uncharged acts of misconduct involving marihuana and by instructing the court-martial to consider such evidence as a matter of aggravation.

Because the appellant was tried for offenses committed before January 1, 1969, the effective date of the Manual for Courts-Martial, United States, 1969, the law officer's instruction was in error. Prejudice or its absence, however, depends upon the facts of the individual case. United States v Mallard, 19 USCMA 457, 42 CMR 59 (1970); United States v Flowers, 19 USCMA 473, 42 CMR 75 (1970). The uncharged misconduct used in this instance showed the appellant's involvement with marihuana on July 4, September 3, and September 16, 1968, and that he regularly sold hashish on credit. This evidence leaves no doubt that March had more than a onetime acquaintance with marihuana as the charges alone might suggest. In light of the instruction given the court to consider this evidence in assessing sentence, it can fairly be said that the appellant was adversely affected. The Court of Military Review's action on the sentence was uninfluenced by this viewpoint, for they considered this

476

same issue and found it to be without merit.

Accordingly, we reverse the Court of Military Review as to sentence. The record of trial is returned to the Judge Advocate General of the Army for re-submission to a Court of Military Review for reassessment of the sentence.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.