UNITED STATES, Appellee

v

BERNARD W. REDD, Private First Class, U. S. Army, Appellant

19 USCMA 477, 42 CMR 79

No. 22,592

May 28, 1970

*Colonel Daniel T. Ghent, Captain Thomas R. Maher,* and *Captain William W. Rittenhouse* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain Glenn R. Bonard* were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

Tried and convicted of disrespect, willful disobedience (two specifications), and lifting up a weapon against his superior officer, in violation of Articles 89 and 90, Uniform Code of Military Justice, 10 USC §§ 889 and 890, the appellant received a bad-conduct discharge, total forfeitures, confinement at hard labor for three years, and reduction to the grade of Private E-1. Redd now asserts that he was prejudiced by the law officer's failure to limit the court's consideration on sentence of uncharged misconduct re- lated to a disobedience of which the appellant was here found guilty.

Each of the offenses set out above occurred before January 1, 1969, the operative date of the Manual for Courts-Martial, United States, 1969. Under these circumstances, a limiting instruction is required, although the case was heard after the January date. United States v Worley, 19 USCMA 444, 42 CMR 46 (1970); United States v Flowers, 19 USCMA 473, 42 CMR 75 (1970); United States v Mallard, 19 USCMA 457, 42 CMR 59 (1970); and United States v March, 19 USCMA

476, 42 CMR 78 (1970). Considering the number and character of the charged offenses, the possible maximum sentence, and that imposed and approved, we are satisfied that Redd was not harmed by this instructional omission. United States v

Flowers, supra. We therefore affirm the decision of the Court of Military Review.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.