UNITED STATES, Appellee

v

JOHN M. GAITANIS, Hospitalman,
U. S. Navy, Appellant

20 USCMA 11, 42 CMR 203

No. 22,909

August 7, 1970

*Captain Jeffery W. Maurer*, USMC, and *Captain Harry N. Lembeck*, USMCR, were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, and *Lieutenant Wayne E. Babler, Jr.*, JAGC, USNR, were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

In four separate specifications the appellant was charged with the unlawful possession of marihuana, codeine, methamphetamine, and amphetamine. He was acquitted only of possessing marihuana. The supervisory authority disapproved, however, the finding of guilty as to the possession of codeine. At the present stage of appellate review Gaitanis's sentence consists of two months' confinement at hard labor and forfeiture of $70.00 per month for the same period. We are asked to consider whether:

"The president of the court erred to the substantial prejudice of the accused by failing to instruct the court prior to findings and sentence to disregard evidence of misconduct not charged which was forced to the attention of the court improperly by the trial counsel.

"Trial counsel made improper argument on the sentence."

**11**

To establish the conscious possession of marihuana for which the appellant was being tried, trial counsel introduced evidence of prior use by the appellant. (Cf. United States v Alvarez, 10 USCMA 24, 27 CMR 98 (1958).) The appellant later took the stand and while denying knowledge of possession of the marihuana in question, conceded that he had used the substance on one past occasion. The president of this special court-martial did not thereafter limit the court's consideration of this evidence on findings and sentence as is required in the trial of offenses committed before the promulgation of the Manual for Courts-Martial, United States, 1969. (United States v Worley, 19 USCMA 444, 42 CMR 46 (1970).)

Did this omission harm the appellant? We think not. His previous misconduct was limited and related to the offense of which he was acquitted. (United States v Vogel, 18 USCMA 160, 39 CMR 160 (1969).) We see no conceivable injurious effect remaining on his sentence since the processes of appellate review have removed a punitive discharge and have reduced both forfeitures and confinement to a bare minimum. (United States v Flowers, 19 USCMA 473, 42 CMR 75 (1970); United States v Redd, 19 USCMA 477, 42 CMR 79 (1970).)

For the same reason we consider trial counsel's brief reference to this evidence while arguing on sentence, a reference that was made without objection, as not having any residual effect on the sentence, even if it exceeded the limit of fair comment.

For the reasons set out above we affirm the decision of the Court of Military Review.

Chief Judge QUINN and Judge FERGUSON concur.