UNITED STATES

v.

Private First Class Elliott R. MIXSON, 265–04–6176, U. S. Army, Company C, 1st Battalion (Airborne), 505th Infantry, Fort Bragg, North Carolina.

CM 429866.*

U. S. Army Court of Military Review.

23 Sept. 1974.

Appellate counsel for the Accused: CPT Allan L. Placke, JAGC; LTC James Kucera, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC.

Appellate counsel for the United States: CPT Richard A. Gallivan, JAGC; CPT Gary F. Thorne, JAGC; LTC Donald W. Hansen, JAGC; LTC Ronald M. Holdaway, JAGC.

DECISION ON FURTHER REVIEW

COOK, Judge:

The appellant was tried by a general court-martial on 12 April 1973 for possessing, selling and conspiring to sell heroin on 12 January 1973. These offenses were alleged as violations of Articles 134 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 881, respectively. He was found guilty and originally sentenced to be dishonorably discharged, to forfeit all pay and allowances, to be confined at hard labor for ten years, and to be reduced to the grade of E–1. This sentence was approved by the convening authority on 18 June 1973.

On 23 September 1974, this Court, in a per curiam opinion, set aside the action of the convening authority and returned the record of trial to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority.

* Consult Table of Cases in Bound Volume by Name of Accused for appellate history.

By letter dated 4 October 1974, The Judge Advocate General designated the Commander, U. S. Army Combined Arms Center and Fort Leavenworth, Fort Leavenworth, Kansas, as the new convening authority to take appropriate action in accordance with the aforementioned opinion of this Court.

In conformity with the 4 October 1974 letter, the Commander of Fort Leavenworth, Kansas, took an action in this case on 26 December 1974.

The appellant now asserts that, because 94 days elapsed from the date of this Court's opinion on 23 September 1974 and the date of the new action on 26 December 1974, the Dunlap[1] presumption arises and that, absent a showing of due diligence by the government, he is entitled to a dismissal of the charges. The Court disagrees.

■ The Dunlap decision, as it pertains to convening authorities post-trial actions, was not intended for application in the context of the appellate process. It is designed to correct a deficiency the Court of Military Appeals detected at the trial level. We note that much of the language in the Dunlap opinion is devoted to establishing the close affinity of the convening authority's post-trial action to those we normally associate with the actual trial.[2] Although the opinion also speaks of the desirability of insuring at all stages of military judicial proceedings "that the accused is afforded the speediest possible justice consistent with due process" (a conclusion with which this Court is in full accord) the rule established therein with which we are concerned is addressed to "*the* convening authority"[3] and not to *a* convening authority who falls heir to a requirement to take an action on a case as the result of an appellate decision.

Assuming arguendo that the Dunlap decision is for application in the appellate process, there are several reasons why the prayed for relief is inappropriate to the instant case.

■ First, this Court held in United States v. Perkins (S10497, ACMR, decided July 29, 1975), that the Dunlap rule is only applicable to cases in which the post-trial restraint commenced after 21 July 1974.[4] As the post-trial confinement imposed in this case commenced in 1973, it is not subject to the Dunlap rule.

■ Secondly, the 90-day period announced in Dunlap, which as noted earlier[5] is a rule directed to convening authorities, cannot begin to run until there is a convening authority. After this Court's opinion on 23 September 1974, there was no convening authority against whom the 90 days could run until The Judge Advocate General designated one on 4 October 1974. Counting from this date, the action by the Commander, Fort Leavenworth, on 26 December 1974 was accomplished in 83 days.[6]

1. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

2. ". . . In significant ways, therefore, the functions of the court-martial and those of the convening authority in the determination of guilt and in the imposition of sentence are so connected that they can be regarded as representing, for the purpose of speedy disposition of the charges, a single stage of the proceedings against the accused. . . ." *Dunlap, supra*, 23 U.S.C.M.A. at 137, 48 C.M.R. at 753.

3. ". . . To paraphrase *Burton*, 30 days after the date of this opinion, a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial. In the language of Burton, 'this presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed.' . . ." *Dunlap, supra*, 23 U.S.C.M.A. at 138, 48 C.M.R. at 754.

4. *Accord, United States v. Reyes*, 49 C.M.R. 872 (N.C.M.R.1975); *contra, United States v. Wrubel*, 49 C.M.R. 369 (A.F.C.M.R.1974).

5. Footnote 3, *supra*.

6. This discussion is not intended to designate the date of the letter of appointment as the trip-wire date. The date of receipt of such notice by the new convening authority would be more appropriate. In this case that was 10 October 1974, or 77 days from the date of the new action.

Thirdly, the file reveals that the review by the staff judge advocate of Fort Leavenworth was ready for submission to the convening authority on 20 November 1974, but was delayed at the verbal request of the appellant's counsel. On 17 December 1974, the defense counsel submitted the matters he wished to have considered. Adopting the rationale of *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974), applicable in *Burton*[7] situations, this period of defense requested delay is excludable from the 90-day computation. As a defense delay of 27 days is involved, the *Dunlap* presumption, based as it is on an elapsed period of 90 days, never arises.

The legal issues concerning the applicability of *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), to the possession and conspiracy charges in this case have been determined adversely to the appellant's position by the Court of Military Appeals decisions in *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974), and *United States v. Beeker*, 18 U.S. C.M.A. 563, 40 C.M.R. 275 (1969).

The other assigned error is deemed to be without merit.

The findings of guilty and sentence are affirmed.

Senior Judge BAILEY and Judge CLAUSE concur.

---

7. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).