**UNITED STATES**

v.

**Kelvin R. FLOYD, 369 62 3381, Airman Apprentice (E–2), U. S. Navy.**

**NCM 77 1140.**

U. S. Navy Court of Military Review.

Sentence Adjudged 3 March 1977.

Decided 26 Aug. 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel; LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

CEDARBURG, Chief Judge:

Appellant was found guilty, pursuant to his pleas, of possession, sale and transfer of heroin alleged as violations of Article 92, UCMJ, 10 U.S.C. § 892, and U. S. Navy Regulations. The general court-martial members sentenced him to a bad conduct discharge, confinement at hard labor for two years, forfeiture of $300 pay per month for 24 months and reduction to pay grade E–1. The sentence was approved without change by the convening authority.

Appellant initially assigned as error that: THE MILITARY JUDGE ERRED WHEN HE FAILED TO INSTRUCT THE MEMBERS THAT THE SECOND POSSESSION, SALE AND TRANSFER OF HEROIN ON 17 SEPTEMBER 1976 WAS MISCONDUCT NOT CHARGED AND SHOULD NOT HAVE BEEN CONSIDERED IN SENTENCING.

A supplemental assignment was subsequently filed as follows: THE ACCUSED WAS DENIED DUE PROCESS AND A FAIR TRIAL AS REGARDS SENTENCE IN THAT THE MEMBERS HAD KNOWLEDGE OF THE FACT THAT A SPECIFICATION OR CHARGE HAD BEEN WITHDRAWN PRIOR TO TRIAL.

■ We perceive no merit to appellant's first contention. As to his supplemental assignment, reassessment will cure any error arising from the fact that copies of the charges and specification were furnished to the court members with a masked portion which resulted in speculation that an additional charge had been withdrawn.

Appellant pleaded guilty to the possession, sale and transfer of heroin. He elected to testify under oath in pre-sentencing proceedings. He explained that he obtained $25 worth of heroin from a friend and then sold half of it to a shipmate for $20. These circumstances formed the basis for the specification to which he pleaded guilty. The remainder, he stated, he furnished to another shipmate. [This transaction was not the subject of charges before the court-martial.] Although promised payment, he never received it for the second quantity which he transferred, resulting in a monetary loss for the entire transaction. In addition, appellant also testified to occasional marijuana use and one instance of "snorting" heroin. The defense tactic in extenuation and mitigation was obvious. Appellant was candidly revealing his limited drug involvement which, coupled with his otherwise good record, his motivation for Navy service and a firm purpose of future drug avoidance, provided an argument for retention in the Navy.

The military judge, although he instructed the court that there was evidence before the court members of misconduct not charged which ". . . should not be consider[ed] . . . for purposes of sentencing the accused," specifically related it only to the marijuana possession and use. He also instructed that

[a]lthough you must give due consideration to all matters in mitigation and extenuation, as well as those in aggravation, you must bear in mind that the accused is to be sentenced only for the offenses he has been found guilty [sic], which are before the court.

We conclude that the military judge's instruction as it related to consideration of the marijuana use and possession was not required and the omission of any reference to the other drug involvement in that limiting instruction did not prejudice the appellant.

Appellant disclosed his prior involvement in explanation of the current offenses for which he was being sentenced. Paragraph 76a (2), MCM, 1969 (Revised Edition) in discussing the basis for determining sentence states:

Whether the maximum or a lesser sentence will be imposed should be determined ·after a consideration of all the facts and circumstances involved in the case regardless of the stage of the trial at which they were established. Accordingly, the court may consider evidence of other offenses or acts of misconduct which were properly introduced in the case, even if that evidence does not meet the requirements of admissibility in 75b (2) and even if it was introduced for a limited purpose before the findings. See 138g and 153b (2).

This provision was a change to previous case law added in the 1969 revision. The Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, DA Pam No. 27–2 states the following concerning the change:

The primary purpose of limiting instructions is to foreclose the possibility of convicting the accused on the basis that he is a "bad man" with criminal dispositions or propensities rather than on the evidence relevant to the offense charged. *United States v. Hoy,* 12 U.S.C.M.A. 554, 556, 31 C.M.R. 140, 142 (1961). The same consideration does not exist as to sentence. The fact that the accused is a "bad man" is the very type of thing that should be considered in determining an appropriate sentence. [Analysis of Contents at page 13–8].

The Court of Military Appeals in *United States v. Worley,* 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970) observed, "[t]hat the new provision professes to change established

case law cannot be doubted." *Id.* at page 445, 42 C.M.R. at 47. But they held, "[t]he promulgation of the rule in paragraph 76a, Manuals (sic) supra, reflects a permissible exercise of authority granted the President, earlier case law notwithstanding. ˙ Article 36, Uniform Code of Military Justice, 10 U.S.C. § 836; *United States v. Jenkins,* [7 U.S.C.M.A. 261, 22 C.M.R. 51 (1956)]; *United States v. Smith,* 13 U.S.C.M.A. 105, 32 C.M.R. 105 (1962)."

The evidence of misconduct not charged in this case was "properly introduced" by the testimony of appellant himself. It thus was properly a matter for consideration in determining an appropriate sentence, not requiring a cautionary instruction. Paragraph 76a, MCM, and *United States v. Worley,* both *supra.* Even so, the instruction of the judge earlier quoted, instructing the court members to sentence the accused only for the offenses for which he had been found guilty which were before the court was sufficiently specific, were a limiting instruction necessary. *United States v. Worley, supra,* 19 U.S.C.M.A. at 446, 42 C.M.R. at 48. There is no merit to appellant's first error assignment.

Appellant contends in his supplemental assignment of error that a rehearing on the sentence is necessary because members of the court-martial observed that on the copies of the charge sheet furnished to each member, a portion of the charge sheet had been masked prior to reproduction. Trial defense counsel, in an affidavit, stated that a number of court members had told him that the masked portion had been discussed and a conclusion drawn that a charge had been deleted. He had interviewed them while soliciting a clemency petition.

Paragraph 56d, MCM, 1969 (Revised edition) provides that:

When a specification is withdrawn after the trial of a case commences, but before the members of the court are aware that it had been referred to trial, the trial counsel should line out and initial the withdrawn specification on the charge sheet, renumber the remaining specifications and charges when appropriate, and

insure that the withdrawn specification is not brought to the attention of the court members.

While the substance of the withdrawn specification was not brought to the attention of the court members, the masking of the copies did lead them to a conclusion that some charge had been withdrawn at some stage. Even the fact that a specification has been withdrawn should not be allowed to reach the court members. *United States v. Carroll*, 37 C.M.R. 870, 873 (A.F.B.R.1967). Reference to and knowledge by court members of a withdrawn specification may be tested for prejudice, however. *United States v. Coogan*, 28 C.M.R. 595 (A.B.R.1959), *pet. for rev. den.*, 11 U.S.C.M.A. 784, 29 C.M.R. 586. Error arising from the court members' awareness that a specification had been withdrawn can be cured by reassessment. *United States v. Carroll, supra.* We will reassess in the instant case to cure the error. We caution that copies of the charges and specifications furnished court members should disclose only those charges on which an accused has been arraigned. Retyping and omitting charges which have been withdrawn would preclude error such as we find here.

The findings, and upon reassessment, only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for 12 months, forfeiture of $300 pay per month for the period of confinement and reduction to pay grade E-1 are affirmed.

Judge ROOT and Judge GREGORY concur.