UNITED STATES, Appellee,

v.

Private First Class Elliott R. MIXSON,
SSN 265–04–6176, United States
Army, Appellant.

CM 429866.

U. S. Army Court of Military Review.

10 May 1978.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Buren R. Shields, III, JAGC, and Captain Larry C. Schafer, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Richard A. Kirby, JAGC, were on the pleadings for appellee.

Before FULTON, MOUNTS and TALIAFERRO, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

FULTON, Senior Judge:

This case, tried in April 1973, is before us for the fourth time.[1] Of six errors assigned in support of the appellant's latest petition for review by the Court of Military Appeals, four had not been presented to this Court for our consideration. Two of the four involve questions of fact. Accordingly, the record has been remanded to us "for consideration of additional assignments of error raised by appellant and for such action thereon as may be deemed appropriate."[2]

The first new assignment (Issue I) is that the court-martial that convicted the appellant lacked jurisdiction because the record does not establish that the Army followed the proper procedures to retain appellant beyond his "ETS" (the expiration of his term of service). True, there is no evidence whether Army regulations specifying administrative requirements for retention in the service were complied with.[3] That, however, is not determinative of the question of jurisdiction. *United States v. Hutchins*, 4 M.J. 190 (C.M.A.1978); *accord, United States v. Torres*, 3 M.J. 659 (A.C.M.

R.1977) (en banc), *pet. granted*, 3 M.J. 389 (C.M.A.1977).

The facts establish that, on 12 March 1973, the day before appellant's term of service (as adjusted by a previous period of unauthorized absence) was to expire, the general court-martial convening authority approved the staff judge advocate's recommendation that he be tried by a general court-martial.[4] The formal referral to trial and the trial itself were accomplished after 13 March 1973. The appellant did not request discharge or object to being retained in active service. In these circumstances, the trial court had jurisdiction. *United States v. Hutchins, supra; United States v. Torres, supra*.

The second issue not previously urged in this Court (Issue III) is whether a limiting instruction was required when, during the presentencing proceedings, the court members learned that appellant had used heroin and marijuana in contexts other than the drug offenses for which he was on trial. That he had used heroin while in Vietnam was revealed on direct examination by his counsel. Cross-examination by the trial counsel disclosed that he also had used marijuana in Vietnam and after his return.[5] We regard this issue as controlled by the Court of Military Appeals' decision in *United States v. Worley*, 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970), holding that the Manual for Courts-Martial validly permits consideration of uncharged misconduct in the sentencing stage of the trial.[6]

1. See 1 M.J. 569 and 3 M.J. 886. Our first decision was an unpublished decision issued 23 September 1974 in which a new review and action were required. Our second decision (1 M.J. 569) is dated 15 August 1975, not 23 September 1974 as shown by the reporter.

2. 4 M.J. 114 (C.M.A.1977).

3. The regulations in question are similar to those described in *United States v. Torres*, 3 M.J. 659, 660, n. 3 (A.C.M.R.1977), *pet. granted*, 3 M.J. 389 (C.M.A.1977).

4. The recommendation is set forth in the pretrial advice required by Article 34(a), Uniform Code of Military Justice, 10 U.S.C. § 834(a).

That document was both promulgated and formally approved on 12 March 1973 after charges had been preferred and investigated pursuant to Article 32, UCMJ, 10 U.S.C. § 832.

5. This information was followed by appellant's contention that he had reformed and only engaged in the instant drug transaction as an accommodation for a wartime friend.

6. Here, the trial judge's instruction was quite similar to that in *Worley*, too, for it included advice that "you must bear in mind that the accused is to be sentenced only for the offenses that he has been found guilty of committing."

■ The third newly asserted error (Issue V) is that the appellant was denied the effective assistance of counsel. This issue concerns the trial defense counsel's failure to perfect his impeachment of the Government's witness to the conspiracy specification by offering a prior inconsistent statement into evidence. The appellee has produced an explanatory affidavit from the trial defense counsel. We accept his explanation, which is controverted only by appellate defense counsel's post-trial criticism of his tactics. *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977), relied upon by the appellant, is a case of a different kind. Even the appellant notes that, in *Rivas*, the court said "[w]e will not second-guess the strategic or tactical decisions made at trial by defense counsel." *Id.* at 289. That is the rule we apply here.

■ Finally, (Issue VI), the appellant contends that the trial counsel's argument concerning sentence offended the rule established in *United States v. Mosely*, 1 M.J. 350 (C.M.A.1976). The trial counsel argued as follows:

"You will do well to consider that there are various theories upon which we impose punishment. Most notable of which are rehabilitation of the individual involved and the other, deterrence of him from ever doing it again and others who would be inclined to fall in the same footsteps. And that really is what the sentence of this court-martial is and the government's point of view it is a statement, your statement, to every other individual who might be inclined to get involved in this sort of thing. And that the United States Army and the society at large who you also speak for, you owe a duty to speak for, will not tolerate this type of offense. This statement from you comes in the form of a court-martial order, make no doubt about it, make no mistake about it, the sentence imposed on this man today by you will be on the streets this afternoon. By word of mouth among the drug subculture a sentence of a general court-martial is far more effective than a court-martial order ever will be, could ever hope to be."

Not only did the trial defense counsel not object (*Mosley* was not decided until three years later), he replied as follows:

"Now gentlemen, the government was quite accurate in pointing out two reasons for punishment, punishment of any kind for any type of offense. One is to deter the offender and the other is to deter others from perpetrating the same crime in the same manner that the offender perpetrated it."

We need not decide whether the appellant's sentence was enlarged "for the purpose of general deterrence" without consideration of the individual factors pertaining to him,[7] for we are certain that, if so, any effects have been fully dissipated by later events. A new review and action were ordered because of circumstances (the convening authority's views as to sentences in drug cases) that could have inhibited the individualization of sentences. This resulted in reducing the confinement portion of the sentence from ten years to six years.[8] The convening authority who accomplished the new action and this Court in its previous considerations of the case have had full information of matters pertaining to the appellant individually as well as a duty to approve only an appropriate legal sentence. We find nothing that warrants any further sentence relief.

Upon the foregoing consideration of the four additional issues presented, the decision of this Court in this case, dated 14 July 1977,[9] is reaffirmed and remains in effect.

Judge MOUNTS and Judge TALIAFERRO concur.

---

7. *Cf. United States v. Varacalle*, 4 M.J. 181, 183 (C.M.A.1978) (Fletcher, C.J.).

8. This was done pursuant to our decision of 23 September 1974, which was based upon *United States v. Howard*, 23 U.S.C.M.A. 187, 190–92, 48 C.M.R. 939, 942–44 (1974). Disapproving one of the findings, we further reduced the confinement to a term of three years, which has been served. 3 M.J. 886.

9. 3 M.J. 886.