UNITED STATES

v.

Airman First Class John W. MANDURANO, FR 102–46–8654 3380th Avionics Maintenance Squadron Keesler Technical Training Center (ATC).

ACM 21855.

U. S. Air Force Court of Military Review.

18 Nov. 1975.

Appearances: Appellate counsel for the Accused: William E. Cordingly, Colonel Jerry E. Conner and Captain George L. Squires, USAFR. Appellate counsel for the United States: Colonel C. F. Bennett, Captain Alvin E. Schlechter and Captain Edward F. Rodriguez, Jr., USAFR.

## DECISION

HERMAN, Judge:

Tried before a military judge sitting as a general court-martial, the accused was found guilty, in consonance with his pleas, of two offenses of selling marihuana and one of possession of the same substance in violation of the Uniform Code of Military Justice, Article 134, 10 U.S.C. § 934. He was sentenced to be discharged from the service with a bad conduct discharge, to be confined at hard labor for fifteen months, to forfeit all pay and allowances, and to be reduced to the grade of airman basic.

Appellate defense counsel have assigned seven errors, three of which deal with the admissibility into evidence of a diary and note attributed to the accused and letters allegedly written by his supplier of marihuana. These, and one assignment relating to the form of the plea of guilty are worthy of discussion; the remaining allegations are without merit or rendered moot by our decision.

■ At arraignment, when the military judge requested the plea of the accused, defense counsel responded:

> The accused intends to plead, to Specifications 1, 2, and 3 of the Charge: Guilty; and to the Charge: Guilty.

After a thorough inquiry into the understanding of the accused as to the nature and effect of a plea of guilty, as well as the elements of the offenses, and after further inquiry into the facts and circumstances surrounding the offenses and the voluntary nature of the plea, (in accordance with *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969)), the military judge asked the accused and his counsel whether they would persist in the plea of guilty. Counsel replied first, "Your Honor, Airman Mandurano will continue his proposed pleas of guilty," and the judge queried, "You wish to plead guilty?" The accused responded, "Yes, sir, I wish to."

Appellate defense counsel aver that this exchange of words did not constitute the entry of a plea, and that a plea of not guilty should therefore have been entered for the accused. *Code,* supra, Article 45(a), 10 U.S.C. § 845(a). We disagree. In the recent case of *United States v. Keough,* No. S24144 (A.F.C.M.R. 14 May 1975), *pet. denied,* —— C.M.R. —— (6 Aug. 1975), a very similar situation was presented to this Court. In that case, the language of counsel was, "The accused desires to plead guilty, Your Honor. . . ." In holding that a proper plea of guilty had been made and entered, Senior Judge Roberts wrote for the Court:

> While the entry of a plea is an important and integral part of the court-martial process, *United States v. Robinson,* 13 U.S.C.M.A. 674, 33 C.M.R. 206 (1963), no

provision of the *Code,* supra, specifies a ritual that must be used in making the plea. . . . A guilty plea which merely fails to comply with ceremonial or verbal formality will not necessitate setting aside an otherwise valid conviction.

The following language of Senior Judge Roberts applies to the facts of the instant case, as well:

It is plain that in this case the accused responded to the charge against himself by fully acknowledging his guilt, and it is equally clear that he consciously and understandingly waived all of the procedural safeguards provided in a trial upon a plea of not guilty. See *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). For all practical purposes, the answers given by the accused during the *Care* inquiry, particularly the oral confession he made to the military judge, amounted to a plea of guilty. There is no doubt from the context of the proceedings below that the trial defense counsel intended to enter a plea on behalf of his client, and there is no doubt that the accused, too, understood that he had pleaded guilty. The plea was merely grammatically entered in the subjunctive mood; to set aside the conviction for that reason alone would be unthinkable.

We find no essential distinction between the *Keough* case and this one. In fact, since the accused himself replied to one of the military judge's inquiries regarding the plea, we find this case even stronger for affirmance on this ground. *Hulsey v. United States,* 369 F.2d 284 (5th Cir. 1966); *United States v. Cariola,* 323 F.2d 180 (3rd Cir. 1963); *Mayes v. United States,* 177 F.2d 505 (8th Cir. 1949). In *Cerniglia v. United States,* 230 F.Supp. 932 (D.C.Ill. 1964), also cited in *Keough,* the accused replied, "Right" to the question of the judge, "And it is your desire to enter a plea of guilty?," and such was held to constitute a proper plea of guilty.

Although we find that the deviation from normal pleading in this case does not constitute error sufficient to warrant corrective action by this Court, trial personnel are cautioned to exercise greater attention to their language and the use of proven procedural forms, particularly in the typical, uncomplicated case.

Appellate defense counsel next assign as error the admission and consideration by the military judge of a number of prosecution exhibits pertaining to illicit and questionable activities of the accused not included within the charge and specifications. These were admitted by the judge, without defense objection, immediately after findings and before the presentation of mitigation and extenuation evidence by the defense. The documents are first, a diary, ("Mandy's Mini Diary"), ostensibly written by the accused, in which he notes some of his thoughts and activities from 1 January to 1 February 1975. Most of the entries are references to girl friends, places he went while off duty, and his attitudes toward work and where and with whom he "partied." There are numerous entries evidencing repeated use, sale and possession of marihuana and other illicit drugs. In addition, references are made to other misconduct not related to drugs: "Ripped off an ambulance," "I hit & ran a car. Ha! Ha!" "Hit & ran again."

Another questionable prosecution exhibit is a paper entitled, "Dealins 2/12/4." This writing suggests sales of bags of marihuana by the accused to more than a dozen different people amounting to several hundred dollars. Finally, six letters from "Dale Houle" were admitted into evidence; they suggest that she was the accused's supplier of marihuana in pound lots and include demands for hundreds of dollars in payment thereof. Finally, copies of several money orders made out to Dale Houle, totalling $670.00 and signed by the accused were admitted.

When the military judge announced sentence, he made the following additional remarks:

For the benefit of all concerned I did consider all the evidence submitted and unless there be any mistake, I did, in fact, consider items that were not otherwise

explained that appeared in the exhibit, Mandy's Mini Diary, including reference to two hit and run incidents, and I admonish the trial counsel to turn that information over to the local authorities to see if they wish to pursue it.

■ It is proper for a court to consider evidence of other offenses or acts of misconduct in determining the kind and amount of punishment to be imposed, provided, however, that such evidence is properly introduced in the case. Manual for Courts-Martial, 1969 (Rev.), paragraph 76a (2). Our first task, then, is to determine whether the exhibits in question were "properly introduced" by the prosecution. As the accused pleaded guilty to the charge and all specifications, the propriety of the evidence in question cannot be justified on the basis of any of the exceptions to the general rule against admissibility described in paragraph 138g, Manual for Courts-Martial, supra. Only if this evidence was in rebuttal to a defense contention made in mitigation and extenuation, or was otherwise relevant to the offenses charged can the receipt into evidence be upheld. Manual for Courts-Martial, supra, paragraph 137; *United States v. Carrier,* 50 C.M.R. 135 (A.F.C.M.R.1975). Neither the diary nor the letters tend to prove any fact which was an issue in the case. There is a possibility that one line of the record of transactions entitled "Dealins" could relate to the sale on 3 December 1974 to the accused's roommate Hegge charged in Specification 1. The remaining sales implied in that document were not relevant to any issue in this trial, nor were they proper aggravation evidence. Manual for Courts-Martial, supra, paragraph 75b (3).

However, in the light of (a) the accused's unsworn statement, in which he alludes to the contents of these documents and his history of using and selling marihuana, and (b) the failure of trial defense counsel to object to the documents at any time and his reference to this evidence in final argument, we do not find prejudicial error in the admission of those portions of the exhibits concerned with marihuana or THC, a derivative thereof. As made clear by the Court of Military Appeals in *United States v. Patrick,* 8 U.S.C.M.A. 212, 24 C.M.R. 22 (1957);

> Ordinarily we will not review an assignment of error based upon the inadmissibility of evidence if defense counsel fails to object to its admission at trial or to make some move to have it stricken or limited in its application, *excepting where its admission works a manifest miscarriage of justice.* (Emphasis added.)

See also *United States v. Fisher,* 4 U.S.C.M.A. 152, 15 C.M.R. 152 (1954); memorandum opinion of Air Force Board of Review, 33 C.M.R. 844, at 850, in the case of *United States v. Bowser,* 34 C.M.R. 906 (A.F.B.R. 1963).

■ We do find prejudicial error, however, in the consideration for sentencing purposes, of some evidence of other offenses and misconduct in no way connected with or relevant to the offenses charged, in spite of the lack of defense objection. In addition to two hit and run motor vehicle accidents expressly considered by the military judge, "Mandy's Mini Diary" makes reference to the use of the drug, "speed," and a theft ("ripped off an ambulance"), which he also considered in the light of his remarks.

Evidence of hit and run accidents and theft from an ambulance are manifestly irrelevant and are not matters showing proper aggravation of an offense to which the accused pleaded guilty. Manual for Courts-Martial, supra, paragraphs 75b (3) and 137; *United States v. King,* 12 U.S.C.M.A. 71, 30 C.M.R. 71 (1960). In the ordinary case, we might overlook this evidence as a nonprejudicial irregularity, since,

> [a] trial judge, as distinguished from a jury, must be presumed to have exercised the proper discretion in distinguishing between material and immaterial evidence introduced at the trial and to have based his decision only on the former, in the absence of a clear showing to the contrary. . . . *United States v. Montgomery,* 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970).

732

See also *United States v. Kinard,* 21 U.S.C. M.A. 300, 45 C.M.R. 74 (1972); *United States v. Wright,* 47 C.M.R. 637 (A.F.C.M.R. 1973); Cf. *United States v. Garza,* 20 U.S.C. M.A. 536, 43 C.M.R. 376 (1971).

The military judge in this case, however, made abundantly clear in the statement after announcing sentence that he specifically considered the evidence we have ruled inappropriate, inadmissible and prejudicial. See *United States v. Shirey,* 42 C.M.R. 687 (A.C.M.R.1970). Since we find prejudice to the substantial rights of the accused in the consideration of the evidence of hit and run and theft, we do not consider it necessary to decide the relevance of the use of "speed" to the offenses charged, and we shall not consider this evidence in the remedy provided, i. e., reassessment of the sentence.

Our decision is entirely consistent with the affirmance by the Court of Military Appeals of the sentence in *United States v. Worley,* 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970). In that case, the provisions of paragraph 76a (2), Manual for Courts-Martial, supra, were upheld as a valid exercise of Presidential authority, and held to be grounded in the rules of relevancy and materiality. Here, as in that case, the questioned evidence is of offenses allegedly committed after the promulgation of the 1969 edition of the Manual for Courts-Martial. In *Worley,* however, the military judge specifically instructed the members of the court that the evidence of other misconduct was not to be used in any way in assessing a proper punishment for the offenses charged. While the Court of Military Appeals did not decide that such an instruction was necessary, it did decide that such an instruction cured any possible prejudice in that case. We cannot find any similar cure for the prejudice in this case.

■ The proper remedy for consideration of improper evidence of other misconduct or offenses is reassessment of the sentence. *United States v. Hill,* 21 U.S.C.M.A. 203, 44 C.M.R. 257 (1972); *United States v. Carrier,* supra; *United States v. Anderson,* 46 C.M.R. 1073 (A.F.C.M.R.1973); *United States v. Potter,* 46 C.M.R. 529 (N.C.M.R.

1972). The findings of guilty are correct in law and fact. For the reasons stated above, and based upon the entire record, we find inappropriate so much of the sentence as exceeds bad conduct discharge, confinement at hard labor for ten months, forfeiture of all pay and allowances, and reduction to airman basic.

The findings of guilty, and the sentence as modified herein, are Affirmed.

ROBERTS, Senior Judge, and FORAY, Judge, concur.