UNITED STATES

v.

**Airman Basic Tommy E. BROWN, Jr., FR 466–29–5762 United States Air Force.**

**ACM S24855.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 Oct. 1979.

Decided 7 Feb. 1980.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

HERMAN, Senior Judge:

As a result of the improper admission of evidence of uncharged misconduct, we set aside the sentence and order a rehearing in this case. In accordance with his pleas, the accused was convicted by a special court-martial including members, of a single specification of larceny of a wallet and its contents, the total value less than $50.00, a violation of Article 121, 10 U.S.C. § 921, Uniform Code of Military Justice.

The victim testified after findings for the government, presumably to elucidate the facts and circumstances surrounding the offense.[1] She stated that the theft of her wallet, containing a checkbook, about $14.00 in cash, her driver's license, two Sears credit cards, a triple A card and other personal items was reported to the Security Police soon after the event. She was also permitted to testify that:

> Subsequent to the theft of the wallet, at the end of June I received my regular Sears bill; I noted there was a charge of $472.00 contained on the billing that my husband or I neither one had charged. I then called Sears Company and requested a receipt for that billing. When I received the receipt, upon examination I noted our credit card number was on the receipt; my husband's name was on the receipt. However, there was an address that was unfamiliar to me. Upon examination of the address which was given as Utah Street, Fort Worth, Texas, it contained a Carswell Air Force Base zip code, 76127. I inquired of the Security Police, and they informed me there was not a Utah Street—

Defense counsel objected to the hearsay at this point, and his objection was sustained. The witness was permitted to continue, and stated that there was also a

Texas Driver's license number on the bill, and this colloquy ensued:

> A. After I examined the receipt, I called Sears and asked if the driver's license number could be traced.
>
> Q. And what, if anything, happened?
>
> A. I was later informed that the driver's license had been traced to an (sic) Tommy E. Brown.

The next witness was a special agent of the Air Force Office of Special Investigations, who was permitted to testify that the victim had turned over to him the Sears receipt, and that, based on the information she gave him, he conducted an investigation which led him to believe that the accused had committed the larceny.

The military judge, recognizing that evidence of offenses not charged was before the members of the court, instructed them that the evidence they had received concerning the possible theft and misuse of a credit card came to their attention only insofar as it might tend to show who committed the larceny of the wallet. He noted to them that the specification did not include credit cards within the enumerated contents of the wallet, and concluded:

> While you may consider the evidence you hear in court in determining an appropriate sentence, you may not add to or increase what you consider an appropriate sentence for the offense of which the accused has been convicted because you think he might have also done some other illegal things . . . In other words, you are here to decide on the basis of what is charged. You don't add to the appropriate sentence because there is something else you think he may have done wrong.

 "Evidence of uncharged misconduct may not be considered by the court for sentencing purposes unless it was properly

1. Paragraph 75a, Manual for Courts-Martial, 1969 (Rev.); paragraph 4–10, Air Force Manual 111–1, Military Justice Guide, 2 July 1973, Change 3 (15 November 1978). The latter reads, "In order that the court, whether composed of members, a military judge alone, or both members and a military judge, may intelligently discharge its sentencing duties, it should be fully informed of the circumstances of any offense to which an accused's plea of guilty has been accepted. Therefore, after findings have been entered, the trial counsel should present such admissible evidence as is necessary to enable the court to fulfill its role . . . ."

introduced before findings or properly admitted during the [pre]sentencing proceedings." *United States v. Poinsett*, 3 M.J. 697 (A.F.C.M.R.1977), pet. denied, 3 M.J. 483 (C.M.A.1977). In this case, statements of trial counsel and the military judge make it clear that the evidence of credit card theft was admitted solely for the purpose of identifying the thief. Manual, *supra*, paragraph 138*g* (1). Since the accused pleaded guilty and was convicted of the larceny of the wallet prior to the admission of this evidence, no issue of identity was before the court. Thus, the relevancy of tracing the driver's license number appearing on the Sears purchase receipt was not established, Manual, *supra*, paragraph 137, and the testimony was improperly received into evidence on this basis;[2] nor was the evidence otherwise admissible.[3] Manual, *supra*, paragraphs 138*g* (2)–138*g* (7) and 138*f* (2). See *United States v. Mandurano*, 1 M.J. 728 (A.F.C.M.R.1975), pet. denied, 5 M.J. 977 (C.M.A.1976); *United States v. Carrier*, 50 CMR 135 (A.F.C.M.R.1975).

■ It is clear that the credit card theft was of a much larger magnitude than the single offense charged, and would have a substantial effect upon the sentence deliberations of the members of the court. Although the military judge instructed the court that they were not to increase an otherwise appropriate sentence as a result of the uncharged misconduct, the evidence should not have been permitted to come before the members of the court-martial at all. The instruction given did not cure the prejudice in this case; our action will dispel such prejudice as may have infected the sentence deliberations.

Accordingly, the findings of guilty are affirmed; the supervisory authority may order a rehearing on the sentence. In the alternative, the supervisory authority may reassess provided the approved sentence does not include a bad conduct discharge.

ARROWOOD and MILES, Judges, concur.

---

2. Furthermore, the testimony was blatant hearsay, as the witness related that she was informed that the license was traced to "Tommy E. Brown."

3. Particularly since the credit cards were not even included in the contents of the wallet alleged in the specification. Evidence of their misuse did not explain the circumstances of the offense charged.