**UNITED STATES**

v.

**Airman First Class Michael G. PAWLYS-CHYN, FR 282–64–5671, United States Air Force.**

**ACM 22603.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 Sept. 1979.

Decided 17 April 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Lieutenant Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Major Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

MILES, Judge:

Consistent with his pleas, accused was convicted by a military judge, sitting as a general court-martial, of two failures to obey a lawful order, willful damage to non-military property, two larceny offenses, housebreaking and possession of marijuana, in violation of Articles 92, 109, 121, 130 and 134, respectively, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 909, 921, 930, 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for fifteen months, forfeiture of $250.00 per month for fifteen months and reduction to airman basic.

Accused's counsel assert prejudicial error in the admission of evidence of uncharged misconduct, argument thereon by the government, and its improper consideration by the court for sentencing purposes. Counsel also assert that accused's pretrial confinement was illegal and that appropriate sentence credit should be ordered. We disagree with both assertions and affirm the findings and sentence as adjudged.

As to counsel's first claim, several defense mitigation witnesses attested to the accused's good duty performance, excellent performance reports, suitability for restoration to duty, and his romantic involvement with a female airman. Accused's father testified about accused's upbringing and honesty, and his perception of accused as depressed, sick and nervous when he saw him in pretrial confinement. Accused testified about his performance of duties, the same romantic involvement and his resulting depression and use of cocaine and marijuana when this romance ended. He disclosed an arrest by civilian authorities for possession of cocaine prior to the commission of the offenses charged. As a result of this arrest he was detained in a civilian jail for one week, where he sustained minor injuries. Upon return to the base, he was disqualified from performing his regular duties. In his view, he committed the offenses charged because of the accumulated trauma of the romantic breakup, drug use, civilian arrest and the resulting change of his assigned duties.

On cross-examination, the trial counsel, referring to a letter accused had written to his former girl friend while in pretrial confinement, asked accused whether he made threats therein against various people and also wrote that if he went to Leavenworth

they would have to take him in restraints. Accused replied that the letter was full of exaggerations and lies. Civilian defense counsel did not object to these questions; and, on redirect examination, he offered the letter into evidence. When the military judge indicated concern over the evidence of uncharged misconduct disclosed in the letter, civilian defense counsel indicated clearly that he had not been induced by the trial counsel's cross-examination to offer the letter; indeed, he was firmly resolved regardless of trial counsel's actions, to offer the letter into evidence. In the view of civilian counsel, this letter assisted in showing accused's mental state, that the charged offenses were a temporary aberration, and that the pretrial confinement forced accused to recognize his mistakes and correct his attitudes.

■ The Manual for Courts-Martial, 1969 (Rev.), paragraph 75c, permits defense to present matters in extenuation or mitigation without regard to whether it presented evidence on the issue of guilt or innocence. Matter in extenuation of an offense serves to explain the circumstances surrounding the commission of the offense, including the reasons which motivated the accused, but not extending to a legal excuse. Such matter could also include evidence that this accused committed other acts of misconduct, if such matter is offered for extenuation purposes. See *United States v. Ogden*, 41 C.M.R. 790 (N.C.M.R.1969).

■ The prosecution may also present appropriate matter to aid the court in determining punishment. MCM, 1969 (Rev.), paragraph 75b. Matters to be considered are not limited to those introduced during the sentencing portion of the trial but may also include misconduct not charged if it was otherwise properly introduced in evidence. MCM, 1969 (Rev.), paragraph 76a (2); *United States v. Poinsett*, 3 M.J. 697 (A.F.C.M.R.1977), pet. denied, 3 M.J. 483 (C.M.A.1977); *United States v. Mandurano*, 1 M.J. 728 (A.F.C.M.R.1975).[1] The rules restricting evidence of uncharged misconduct are relaxed when such evidence is offered to aid in the determination of an appropriate sentence and in rebuttal of defense evidence offered in extenuation and mitigation. *United States v. Plante*, 13 U.S.C.M.A. 266, 32 C.M.R. 266 (1962); *United States v. Ledezma*, 4 M.J. 838 (A.F.C.M.R.1978).

■ The evidence brought out by the prosecution on cross-examination of the accused appears to be proper rebuttal to the defense. Moreover, the defense, in fact, adopted and expanded the prosecution's inquiry into matters contained in the letter by offering it into evidence. The defense had already voluntarily gone into accused's use of drugs and civilian arrest for cocaine, which in accused's view, were part of the chain of events leading to the charged offenses. His letter was used extensively by civilian defense counsel to support the view of accused as temporarily, but very substantially, confused and upset by the events leading to his pretrial confinement and trial. •

■ The military judge's expressed decision to consider these matters offered by defense only for the purposes indicated by defense was not required by the law, but was certainly favorable to the accused.[2]

1. Such evidence may properly be before the court, for example, when otherwise admissible for a specific limited purpose under paragraph 138g, Manual for Courts-Martial, 1969 (Rev.), or part of the chain of events leading to the crime charged. *United States v. James*, 5 M.J. 382 (C.M.A.1978). Cross-examination of an accused as to other acts of misconduct for impeachment purposes is closely restricted. MCM, 1969 (Rev.), paragraph 153b(2)(b); *United States v. Penrose*, 48 C.M.R. 173 (A.F.C.M.R.1974). During sentencing proceedings, a plea of guilty may considerably restrict argu-ments of admissibility by the prosecution based upon limited exceptions such as identity, knowledge, guilty intent, or motive. See *United States v. Brown*, 8 M.J. 749 (A.F.C.M.R. 1980); *United States v. Taliaferro*, 2 M.J. 397 (A.C.M.R.1975).

2. A military judge, as opposed to members, must be presumed to have exercised proper discretion in distinguishing between material and immaterial evidence introduced at the trial and to have based his decision on the former in the absence of a clear showing to the contrary. *United States v. Montgomery*, 20 U.S.C.M.A.

MCM, 1969 (Rev.), paragraph 76a (2). See *United States v. Ogden, supra.* We perceive no error in these circumstances.[3] Nor do we find improprieties in the argument of trial counsel. *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956).

■ Accused's appellate counsel also assert that his pretrial confinement of 89 days was illegally imposed. We disagree. The claim that the staff judge advocate was not a neutral and detached magistrate was fully explored by the military judge at trial; we see no reason to disturb his ruling as the evidence indicates only routine discharge by the staff judge advocate of his responsibilities. *United States v. Mickle,* ACM 22514, unpublished, (A.F.C.M.R. 15 August 1979); *United States v. Fals,* 6 M.J. 713 (A.F.C.M. R.1978), pet. denied 6 M.J. 244 (C.M.A.1979); Air Force Manual 111–1, Military Justice Guide, Paragraph 3–25d, 2 July 1973, Change 2, 8 October 1976. Moreover, the "stepped procedure" mandated by *United States v. Heard,* 3 M.J. 14 (C.M.A.1977) was followed since accused was initially restricted and confinement was imposed only when restriction was found inadequate.

We have considered the remaining assignment of error and conclude it is without merit. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Senior Judge, and ARRO-WOOD, Judge, concur.

---

35, 42 C.M.R. 227 (1970); *United States v. Mandurano,* 1 M.J. 728 (A.F.C.M.R.1975).

**3.** Minor evidence of misconduct produced by the testimony of accused's first sergeant was proper rebuttal. MCM, 1969 (Rev.), paragraph

75e. There is no indication that the military judge improperly considered evidence of misconduct not charged which was offered for the limited purpose of responding to accused's challenge to his pretrial confinement hearing.