UNITED STATES, Appellee,

v.

Private El Travis J. CASTILE,
433–53–9126, United States
Army, Appellant.

ACMR 8900943.

U.S. Army Court of Military Review.

29 Dec. 1989.

For Appellant: Captain Thomas A. Sieg,
JAGC, Captain Jeffrey J. Fleming, JAGC
(on brief).

For Appellee: Colonel Alfred F. Arquilla,
JAGC, Lieutenant Colonel Daniel J.
Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC, Captain Mark E. Frye, JAGC
(on brief).

Before FOREMAN, SMITH, and
VARO, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial composed of officer and enlisted members convicted the appellant of assault and battery, breaking restriction, communicating a threat, disorderly conduct, possessing drug paraphernalia in violation of a general regulation, possessing marijuana, and using marijuana, in violation of Articles 128, 134, 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934, 892, and 912a (1982 and Supp. I 1983). He was sentenced to a dishonorable discharge, confinement for two years, and forfeiture of all pay and allowances. In accordance with a pretrial agreement, the convening authority reduced the confinement to seven months.

All findings of guilty were based on the appellant's pleas. At issue is whether the appellant pleaded guilty to simple assault or assault and battery. The appellant contends that the military judge erred by finding him guilty of assault and battery based on a plea of guilty to simple assault.

The appellant was charged with assault consummated by a battery, in that he "unlawfully hit [M.H.] in the face with his closed hand." The appellant pleaded guilty

to a simple assault "by threatening to strike [M.H.] and shaking his fist near her face." A stipulation of fact was received in evidence which recited that the appellant grabbed M.H. by the arm, shook his fist at her, offered to strike her and threatened her. Instead of advising the appellant of the elements of a simple assault, the military judge advised the appellant of the elements of assault and battery "by grabbing [M.H.] and threatening her with your fist—by shaking your fist in her face." The defense counsel protested that the appellant had entered a plea of guilty only to simple assault, not assault and battery, but the military judge continued his inquiry into assault and battery.

After the appellant described how he moved his hands during his encounter with M.H., the military judge stated, "I'm not willing, under the circumstances, to conceive of your actions with your hands as constituting an assault." The military judge opined that "your action in grabbing [M.H.] by the arm ... was unlawful, but that's not for me to decide unless you're willing to plead to that." The appellant and his counsel conferred. Then the military judge asked, "do you want to plead guilty to this particular charge and specification?" The appellant persisted in his desire to plead guilty, and the military judge again advised the appellant of the elements of assault and battery "by grabbing her on the arm." The appellant admitted grabbing M.H. on the arm, shaking his fist in her face, and threatening to slap her. The military judge then asked, "Do you believe and admit that you are guilty of this offense?" and the appellant answered, "Yes, sir."

After conducting a guilty plea inquiry for other offenses, the military judge returned to the assault and battery: "And this is when the assault and battery of [M.H.] took place. That is you unlawfully grabbed her by the arm. Is that correct?" Again the appellant responded, "Yes, sir." The military judge again asked the appellant if he admitted each of the elements of the offenses, and the appellant again responded in the affirmative. The military judge then computed the maximum imposable punishment, without an objection from the defense, using the maximum punishment for assault and battery.

■ Although the appellant never formally changed his guilty plea from simple assault to assault and battery, the entire colloquy between the military judge and the appellant clearly demonstrates that the military judge rejected the plea to simple assault, after which the appellant pleaded guilty to assault and battery by grabbing M.H. by the arm. While a formal plea is clearly preferable, there is no specific ritual prescribed for entering a guilty plea. Where it is clear, as in this case, that an accused has knowingly and intelligently admitted all the elements of an offense, his actions amount to a plea of guilty. *United States v. Mandurano*, 1 M.J. 728 (A.F.C.M. R.1975), *petition denied*, 5 M.J. 977 (C.M. A.1976). We find that the appellant pleaded guilty to assault and battery and that his plea was provident. Accordingly, we hold that this assignment of error is without merit.

■ The appellant contends that the military judge erred by failing to dismiss the specification alleging possession of marijuana as multiplicious for findings with the specification alleging use of marijuana. The stipulation of fact supporting the guilty plea recites that "It was later determined that sometime between 18 October 1988 and 18 November 1988 the accused had wrongfully smoked marijuana in the hashish form. It was also determined that *on a separate occasion* during this time period the accused personally possessed small amounts of hashish." (emphasis added). We find that this assignment of error is without merit.

We have considered the remaining assignments of error and find them to be likewise without merit.

The findings of guilty and the sentence are affirmed.

Judges SMITH and VARO, concur.