UNITED STATES, Appellee

v

HERSHEL H. HAMILTON, Sergeant,
U. S. Air Force, Appellant

20 USCMA 91, 42 CMR 283

No. 22,809

September 18, 1970

*Major Frank T. Moniz* argued the cause for Appellant, Accused. With him on the brief was *Colonel Bertram Jacobson.*

*Lieutenant Colonel Robert W. Vayda* argued the cause for Appellee, United States. With him on the brief was *Colonel James M. Bumgarner.*

## Opinion of the Court

DARDEN, Judge:

The question in this case is whether the military judge erred during the post-finding portion of the trial by admitting into evidence Prosecution Exhibit 10, a copy of the United States District Court proceeding for the Central District of California dated May 27, 1969, showing that Hamilton had pleaded guilty to the theft of Government property from Sheppard Air Force Base, Texas, charged under Title 18, United States Code, § 661. The exhibit further indicates that imposition of sentence was suspended and that Hamilton was placed on probation for one year.

Charged with desertion in the instant case, the appellant pleaded guilty to un- authorized absence, the lesser included offense. To demonstrate Hamilton's innocence of the offense charged, the defense introduced eight favorable Airman Performance Reports (Defense Exhibits A–H). They included Hamilton's performance, his noncommissioned officer qualities, his specific achievements, and the promotion recommendations of reporting officials. Almost all of Hamilton's service career was reported on by these exhibits, which covered the period from January 26, 1961, until January 14, 1968.

After findings, defense counsel informed the court that the appellant had been on continuous active duty since entering the Air Force in 1961; that he

**91**

had served in Turkey, at Lowry Air Force Base, Colorado, and Sheppard Air Force Base, Texas; and that he held both the Vietnam Defense Campaign and Air Campaign Medals as a result of two tours of duty in Vietnam. In response to the unsworn statement and to "the aspect of good character placed in issue through the Airman's Performance Reports introduced in the case in chief," counsel for the Government introduced Prosecution Exhibit 10 mentioned above.

The performance reports introduced in Hamilton's behalf were intended to portray his good character. Evidence of a person's military performance relates to his character, as this Court has noted in several decisions. United States v Browning, 1 USCMA 599, 5 CMR 27 (1952); United States v Barnhill, 13 USCMA 647, 33 CMR 179 (1963); United States v Schultz, 18 USCMA 133, 39 CMR 133 (1969).

Where the defense makes an issue of the appellant's military record and standing, rebuttal evidence of a previous conviction is relevant to his character and his performance of duty. United States v Plante, 13 USCMA 266, 32 CMR 266 (1962). See also paragraph 76a(2), Manuals for Courts-Martial, United States, 1969 (effective January 1, 1969) and (Revised edition), and United States v Worley, 19 USCMA 444, 42 CMR 46 (1970).

On this subject the United States Air Force Court of Military Review aptly observed:

". . . Defense counsel did not state the purpose of this evidence but his argument on findings leaves no doubt it was offered as character evidence; it was offered as tending to prove that one with such a record would not desert. Recognizing the import of the evidence, the military judge properly instructed the court on the law applicable to character evidence.

.   .   .   .   .

". . . This evidence, introduced to show the probability of accused's innocence, paragraph 138f(2), Manual for Courts-Martial, 1969 (Revised edition), acquainted the court with the many excellent aspects of the accused's service career. Such evidence could not properly have been disregarded during the presentencing procedure and the military judge correctly instructed the court to consider it. United States v Strand, 6 USCMA 297, 20 CMR 13; United States v Wheeler, 17 USCMA 274, 38 CMR 72."

The United States Air Force Court of Military Review correctly concluded that Prosecution Exhibit 10 was properly before the court-martial as evidence in rebuttal on sentencing. The breadth of defense counsel's mitigating statement, and an examination of the exhibits in question, together satisfy us that Prosecution Exhibit 10 is sufficiently related in time to be relevant. United States v Plante, supra. Accordingly, the decision of the Court of Military Review is affirmed.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.