UNITED STATES

v.

**Technical Sergeant Fidel G. LEDEZMA, FR 457–78–5015, United States Air Force.**

**ACM S24557.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 Oct. 1977.

Decided 13 March 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Lieutenant Colonel Larry G. Stephens, Captain Thomas S. Markiewicz and Major Martin F. McAlwee, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Gilbert J. Regan.

Before EARLY, FORAY and HERMAN, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Tried by special court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of stealing stereo equipment, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months and reduction to sergeant.

In a single assignment of error appellate defense counsel assert:

THE CONVENING AUTHORITY WAS NOT ADVISED OF THE LIMITED ACCEPTABLE PURPOSE FOR THE REVIEW'S USE OF UNCHARGED MISCONDUCT PRESENTED AT TRIAL.

During the presentencing portion of the trial, defense counsel introduced sixteen performance reports of the accused, three letters of evaluation, three training certificates and the transmittal sheet forwarding the court-martial charges. In addition, the testimony of a chaplain was offered as to the accused's character as a neighbor and parent. The accused took the stand and, among other things, made an unsworn statement as to his regret for committing the offense and his resolve never to repeat his actions.

In rebuttal, trial counsel called Master Sergeant Naylor, the accused's supervisor, who testified that the accused told him that if he found out who informed on him, he would "get a contract on them". Sergeant Naylor also testified that the accused said he had been given a copy of a test prior to his taking it. Defense counsel objected to the entire line of testimony.

In his review, the staff judge advocate related Sergeant Naylor's testimony as part of the evidence introduced after findings and opined that it was properly admitted for the purpose of assisting the court in determining an appropriate sentence. The reviewer gave no other specific instructions limiting the use which the convening authority could give to this evidence.

■ The rules limiting the use of uncharged misconduct apply most strictly when it is offered before findings. See Manual for Courts-Martial, 1969 (Rev.), paragraphs 138g, 138f(2). However, where, as here, the sole purpose of the offer of such evidence is to aid in the determination of an appropriate sentence and is in rebuttal to defense evidence offered in mitigation and extenuation, the rules are relaxed. *United States v. Plante*, 13 U.S.C.M.A. 266, 32 C.M.R. 266 (1962); *United States v. Blau*, 5 U.S.C.M.A. 232, 17 C.M.R. 232 (1954); Manual, supra, paragraph 75c(4). For, otherwise, "an accused would occupy the unique position of being able to 'parade a series of partisan witnesses before the court'—testifying at length concerning specific acts of exemplary conduct by him—without the slightest apprehension of contradiction or refutation by the opposition, fullhanded with proof of a contrary import although the prosecution might be." *United States v. Blau*, supra, at 244; see also, *United States v. Worley*, 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970); *United States v. Jeffries*, 47 C.M.R. 699 (A.F.C.M.R.1973).

■ Applying these principles to the case at hand, we hold that the evidence was properly before the military judge in aid of determining the appropriate sentence, and, hence, properly before the convening authority for the same purpose.*

■ The remaining question is whether the convening authority should have been advised as to the limited usage which he should give to this testimony.

In his review the staff judge advocate put the summary of the testimony of Sergeant Naylor in the section, "After Findings," and following the statement that: "Although a plea of guilty disposes of the necessity for presenting evidence of guilt, the question of adjudging an appropriate sentence remains." It also followed sequentially the evidence presented by the defense in mitigation and was entitled, "Rebuttal." Further, in discussing "Errors, Irregularities, or other Comments", the purpose of this testimony was further set in context. Under these circumstances, we can see no way that the convening authority could have failed to understand the limited purpose of the testimony. It is apparent from the context within which the testimony was discussed that it only had bearing on the appropriate quantum of sentence. To require a further limitation to be enunciated would, at best, be superfluous and, at worst, confusing. Under the circumstances of *this* case, none was necessary.

The findings of guilty and the sentence are

AFFIRMED.

FORAY and HERMAN, Judges, concur.

---

* Where, as here, the accused introduces evidence of his reputation and the good quality of his prior service, the prosecution may rebut with specific instances of misconduct. *United States v. Hamilton*, 41 C.M.R. 970 (A.F.C.M.R. 1970), *affirmed*, 20 U.S.C.M.A. 91, 42 C.M.R. 283 (1970); *United States v. Plante*, 13 U.S.C.M.A. 266, 32 C.M.R. 266 (1962); *United States v. Spence*, 3 M.J. 831 (A.F.C.M.R. 1977).