UNITED STATES, Appellee,

v.

Hosea V. STEWART, III, Private, First Class, U. S. Army, Appellant.

No. 39,883.

SPCM 14968.

U. S. Court of Military Appeals.

Dec. 14, 1981.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F.*

---

1. *See* Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815.

*Lymburner, Major Grifton E. Carden, Captain Gary D. Gray* (on brief); *Major Jerome E. Kelly.*

For Appellee: *Colonel R.R. Boller, Major Ted B. Borek, Captain Rexford T. Bragaw, III, Captain Eugene R. Milhizer* (on brief).

### Opinion of the Court

PER CURIAM:

On May 6, 1980, appellant was tried by a military judge sitting alone as a special court-martial and, pursuant to his pleas, was found guilty of an absence without leave of approximately two months, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $299 pay per month for 3 months, and reduction to the lowest enlisted grade. The convening authority approved these results and the United States Army Court of Military Review affirmed. Our review of an issue assigned by appellate defense counsel convinces us that during the presentencing proceedings the military judge erroneously admitted into evidence, over defense objection, a record of the vacation of a suspended nonjudicial punishment.[1] However, we are sure that the appellant was not prejudiced by this misstep.

After appellant was found guilty, the Government offered into evidence as prosecution exhibits 5, 6, and 8 three documents which are material here. Prosecution exhibit 5 reflects that on May 23, 1979, the appellant was awarded nonjudicial punishment for failure to repair to his place of duty on May 14, 1979, a transgression of Article 86. The punishment consisted of reduction of one grade to E–3, but the exhibit further reflects that his punishment was suspended until July 22, 1979. Prosecution exhibit 6 indicates that on June 1, 1979, this "[s]uspension [was] vacated for violation of Article 86, UCMJ." However, the document does not indicate the specifics

of the alleged violation or whether appellant was notified of the proposed vacation and given an opportunity to be heard by his commander before that official vacated the suspended reduction in grade. Moreover, no legible signature of that commander appears on the document. Prosecution exhibit 8, an extract from appellant's DA Form 2–1, reflects in block 18 of Part II that appellant was, in fact, reduced from Specialist Four to Private First Class (E–3) on May 24, 1979.

■ The government's brief concedes that the absence of the commander's legible signature on the vacation form renders prosecution exhibit 6 inadmissible. *See United States v. Mack*, 9 M.J. 300, 321 (C.M.A.1980); *United States v. Negrone*, 9 M.J. 171, 172 (C.M.A.1980). *See also United States v. Cross*, 10 M.J. 34 (C.M.A.1980); *United States v. Morton* and *United States v. Thomas*, 10 M.J. 91 (C.M.A.1980). Therefore, we need not determine whether the defense objection to prosecution exhibit 6 at

trial met the requirements of *United States v. Covington*, 10 M.J. 64 (C.M.A.1980).[2]

■ Nonetheless, our consideration of the record as a whole causes us to conclude that the appellant was not prejudiced by this error. In addition to the unauthorized absence reflected in prosecution exhibit 5, the Government also successfully introduced prosecution exhibit 7, which records nonjudicial punishment for two other absences—one from August 31, 1979, to September 12, 1979, and the other from September 20, 1979, to September 27, 1979. Moreover, block 21 of Part II of prosecution exhibit 8—the "time lost" section of appellant's DA Form 2–1—records time lost for an AWOL from August 17 to August 29, 1979.[3] In light of this documented pattern of absences without leave, we discern no possibility that the indication in prosecution exhibit 6 that the appellant had committed some sort of violation of Article 86 could have adversely affected the extent of his sentence.

The decision of the United States Army Court of Military Review is affirmed.

2. In that case we placed on the accused the burden of challenging the validity of the vacation proceeding and ruled that "absent his specific objection that the vacation of suspension was not preceded by the notice and opportunity to reply demanded in this opinion, the vacation of suspension should be presumed to have been lawfully accomplished." *United States v. Covington*, 10 M.J. 64, 68 (C.M.A.1980). While in the case at hand, appellant did object to admission of prosecution exhibit 6, this was not the specific basis of his objection. Nonetheless, since the requirements approved by the

Court in *Covington* as minimal compliance with due process had already been imposed in paragraph 134 of the Manual for Courts-Martial, United States, 1969 (Revised edition), and since appellant appeared in court in the uniform of a Specialist Four and testified concerning his unawareness of the reduction in grade, the military judge arguably was on notice to inquire further into compliance with the required procedures.

3. Appellant did not object to the admission of prosecution exhibit 8.