**UNITED STATES**

v.

**Sergeant Robert M. PARMAR, FR 417–78–6667, United States Air Force.**

**ACM 23228.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 June 1981.

Decided 5 Feb. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain J. Laurens Tullock and Major Alfred E. T. Rusch, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, Senior Judge, and KASTL and MAHONEY, Appellate Military Judges.

**DECISION**

KASTL, Judge:

During presentencing, the prosecution rebutted evidence of the accused's general

existence of the continuing problem it repre- sents.

good duty performance with specific acts of misconduct. We hold that much of this information was inadmissible hearsay, find error, and reassess the sentence.

The accused was convicted of various offenses of larceny and housebreaking, in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 930. Before members, he was sentenced to a bad conduct discharge, 18 months' confinement at hard labor and reduction to airman basic.

Prior to sentencing, the defense presented evidence stressing the accused's general good duty performance and his desire for retention in the Air Force. Over strenuous defense objection, the prosecution called in rebuttal Major D, the accused's squadron commander. In addition to expressing a contrary opinion regarding retention of the accused, Major D recited specific undocumented instances of the accused's off-base misconduct. They included a civilian fine for disturbing the peace in Minneapolis and a civil court involvement in the city of Grand Forks, North Dakota, in which a restraining order forbade the accused from associating with another airman in the squadron. The commander further related that a "rumor control" system operated in his squadron; through it, at least 80 members had expressed concern over theft in the barracks and several had called for disciplinary action against the accused.[1]

◼ The defense objection to the introduction of these specific acts of misconduct addressed two grounds: (1) specifically, as matters outside the scope of proper rebuttal, and (2) generally, as incompetent evidence. We find the objection sufficiently specific to preserve the issue of admissibility before us. Mil.R.Evid. 103(a) and (d).

◼ After findings, the rules of evidence are relaxed. Manual for Courts-Martial, 1969 (Rev.), paragraph 75c(1); *United States v. Plante*, 13 U.S.C.M.A. 266, 32 C.M.R. 266, 273–274 (1962); *United States v. Ledezma*, 4 M.J. 838 (A.F.C.M.R.1978). In this posture, if an accused places his general good duty performance in evidence to mitigate punishment or show rehabilitation potential, specific acts of misconduct may be shown in rebuttal. *United States v. Plante, supra; United States v. Spence*, 3 M.J. 831, 837 (A.F.C.M.R.1977); *United States v. Hamilton*, 41 C.M.R. 970 (A.F.C.M.R.1970), *aff'd* 20 U.S.C.M.A. 91, 42 C.M.R. 283. *See also, United States v. Brewer*, 39 C.M.R. 388, 391–392 (A.B.R.1968). *See generally*, Boller, Proof of the Defendant's Character, 64 Mil.L.Rev. 37, 45, 70–75 (Spring 1974).

◼ In this case, however, the evidence of specific instances of misconduct offered by the prosecution was hearsay and not admissible as an exception. Rules 802–803, Mil.R.Evid. The manner in which this evidence came before the court failed to state circumstances which would guarantee trustworthiness or reliability. Accordingly, we hold that the military judge abused his discretion in admitting it.[2]

Reassessing in view of the foregoing, we approve only so much of the sentence as extends to a bad conduct discharge, confinement at hard labor for 12 months and reduction to airman basic.

We have considered the other matters raised by trial defense counsel in his re-

---

1. Apparently none of the incidents were documented in the accused's unfavorable information file. *See United States v. Boles*, 11 M.J. 195 (C.M.A.1981) and *United States v. Brister*, 12 M.J. 44 (C.M.A.1981).

2. Major D's testimony about the "rumor control" system, in addition to being hearsay, is subject to exclusion under Rule 403, Mil.R. Evid. That rule counsels that evidence, though relevant:

   may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

   When the prosecution offers remote or insignificant data, the military judge must exercise sound discretion as to admitting such material. *United States v. Dodds*, 11 M.J. 520, 522 (A.F. C.M.R.1981); *see generally*, S. Saltzburg & K. R. Redden, Federal Rules of Evidence Manual, 115 (2d ed. 1977).

sponse to the staff judge advocate's review and resolve them against the accused.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

POWELL, Senior Judge, and MAHONEY, Judge, concur.