**UNITED STATES**

v.

**Staff Sergeant John F. KOCH, FR 526–68–3556 United States Air Force.**

**ACM 23732.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 Aug. 1982.

Decided 24 March 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

### DECISION

HODGSON, Chief Judge:

Contrary to his pleas, the accused was convicted of wrongfully using, possessing

and transferring marijuana, in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. He was sentenced to a bad conduct discharge, to be confined at hard labor for 16 months, to forfeit $300.00 per month for 24 months, and to be reduced to airman first class.

I

At trial the accused moved to suppress all evidence seized by the British police during the evening of 31 March 1982, together with statements he gave the Office of Special Investigations (OSI) agents a few days later. He contends that his arrest by British police and their search of his off-base quarters violated his Fourth Amendment rights as it was instigated by, and participated in, by American investigative agents. He argues that no probable cause existed for either his arrest or search of his quarters. Thus, he contends the search was unlawful and tainted the statements to the OSI; and he concludes that the military judge should have granted the motion to suppress the evidence and the statements. Appellate government counsel maintain the operation was conducted solely by the British law enforcement officers and the OSI agents were only observers.

To resolve this issue, some development of the facts is necessary. The testimony at trial established that the OSI regularly provides the British police with information concerning drug trafficking. On 31 March 1982, the OSI told the British police that the accused had been seen possessing marijuana; they did not ask, hint or suggest to the local authorities that the accused should be arrested. Later that evening the police asked the OSI to accompany them to the base fire station where the accused was working. Since it was late in the evening some of the personnel assigned to that shift were asleep. The accused was asked to awaken them; while arousing one individual the accused was seen dropping a tinfoil packet that was found to contain marijuana. The police then arrested the accused.

A later search of the accused's off-base quarters pursuant to a British warrant disclosed marijuana hidden in the garage, and four soft drink cans were retrieved from trash in and about the house. Detective Constable Nevins asked an American OSI agent to "sift through the trash" in the kitchen and "help clean it up." Special Agent Wilson did so and found a soda can that had been made into a make-shift pipe which he turned over to Nevins. Nevins, acting alone, found two more such cans in trash behind the house.

On 6 April 1982, the accused, after being properly advised, gave written statements to the OSI outlining his drug abuse activity.

The accused maintains that when the OSI told the British police about his suspected drug involvement, they "instigated" his arrest, and additionally, the OSI "participated" within the meaning of Mil.R.Evid. 311(c) by assisting Nevins during the search. The pertinent provisions of Mil.R. Evid. 311(c) state:

> Rule 311. Evidence Obtained From Unlawful Searches and Seizures.
>
> * * * * * *
>
> (c) *Nature of search or seizure.* A search or seizure is "unlawful" if it was conducted, instigated, or participated in by:
>
> (1) *Military personnel.* Military personnel or their agents and was in violation of the Constitution of the United States as applied to members of the armed forces, an Act of Congress applicable to trials by court-martial that requires exclusion of evidence obtained in violation thereof, or rules 312–317; ·
>
> (2) *Other officials.* Other officials or agents of the United States, or the District of Columbia, or of a State, Commonwealth, or possession of the United States or any political subdivision of such a State, Commonwealth, or possession and was in violation of the Constitution of the United States, or is unlawful under the principles of law generally applied in the trial of criminal cases in the United States district courts involving a similar search or seizure; or
>
> (3) *Officials of a foreign government.* Officials of a foreign government or their

agents and was obtained as a result of a foreign search or seizure which subjected the accused to gross and brutal maltreatment.

A search or seizure is not "participated in" merely because a person is present at a search or seizure conducted in a foreign nation by officials of a foreign government or their agents, or because a person acted as an interpreter or took steps to mitigate damage to property or physical harm during the foreign search or seizure.

Appellate defense counsel urge that we construe the meaning of "participated in" as any activity beyond mere presence. To do otherwise, they argue, would be to open a Pandora's box of litigation. The trial judge, in denying the motion to suppress, conceded that, as a matter of logic, the OSI agent "participated in" the search of the accused's quarters when he culled some trash at the request of a British policeman. He found, however, that this degree of participation was insufficient to trigger Rule 311(c). He specifically stated:

[w]hile I find factually that Special Agent Wilson participated, based upon the extent of his participation, the fact that he was not doing so for the purpose of circumventing the Fourth Amendment or to obtain evidence for the immediate benefit of the United States authorities, but was merely in response to a request from the British authorities of a very limited scope, I do not find that that's participation—as that word is intended to be used in Rule 311.

Although we find error, we nevertheless affirm.

 First, the mere furnishing of information to local law enforcement officials by American investigative agencies does not justify a conclusion that it was done for the purpose of instigating the accused's arrest. *United States v. Jones,* 6 M.J. 226 (C.M.A.1979). There must be some factual support. Here, both American and British law enforcement officials stated that exchange of information was commonplace, and that the British decision to arrest the accused was based upon information other than just that received on 31 March. Accordingly, we find no basis to conclude that the accused's arrest was instigated by the OSI.

 Second, the participation by American officials must be something more than an incidental partaking, and must make a direct contribution toward the discovery of the evidence. *United States v. DeLeo,* 5 U.S.C.M.A. 148, 7 C.M.R. 148 (1954). Otherwise, a common act of courtesy by an American official in opening a door and allowing a local police officer to precede him could be termed "participation." In our view the facts must determine whether American agents "participated in" the search. It is clear in the case, *sub judice,* that Wilson's assistance to British police, albeit invited, resulted in the discovery of evidence, i.e., a soda can fashioned into a make-shift pipe. Wilson therefore "participated in" the search as to that evidence. However, this incidental activity on his part does not amount to participation in the entire search, and requires only that the evidence discovered during his search of the kitchen trash be suppressed. Accordingly, the military judge erred in not granting the motion to suppress with regard to the soda can seized from the kitchen trash.

 The record unmistakably establishes that the remaining evidence was discovered by the British police without "participation" by OSI agents. Further, we are convinced beyond a reasonable doubt that the discovery of one soda can by Special Agent Wilson had absolutely no impact on the accused's decision to give a statement to the OSI. *United States v. Decker,* 16 U.S.C.M.A. 397, 37 C.M.R. 17 (1966); *United States v. Dennis,* 36 C.M.R. 884 (A.F.B.R. 1966). Additionally, we find nothing in this record to suggest a joint scheme by British and American law enforcement agents to evade the Fourth Amendment. *United States v. Morrison,* 12 M.J. 272 (C.M.A. 1982). Even without the evidence uncovered by Wilson there is compelling proof of the accused's guilt.

## II

We have considered the remaining assigned errors and resolved them adversely to the accused. *United States v. Dickerson*, (A.F.C.M.R.1983); *United States v. Parmar*, 12 M.J. 976 (A.F.C.M.R.1982). The findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, concurs.

MILLER, Judge, absent.