242

UNITED STATES, Appellee,

v.

Private First Class Gary L. McGILL,
U.S. Army, Appellant.

No. 42,703.

CM 440661.

U.S. Court of Military Appeals.

April 18, 1983.

For Appellant: *Captain Gunther O. Carrle* (argued); *Colonel Edward S. Adamkewicz, Jr., Captain Joseph A. Russelburg* (on brief); *Colonel William G. Eckhardt* and *Major Lawrence F. Klar.*

For Appellee: *Captain Thomas E. Booth* (argued); *Colonel R.R. Boller, Major John T. Edwards, Captain Paul K. Cascio* (on brief); *Colonel James Kucera.*

*Opinion of the Court*

FLETCHER, Judge:

On October 7, 1980, appellant, contrary to his pleas, was found guilty of various drug offenses.[1] The members of his general court-martial sentenced him to a dishonorable discharge, confinement at hard labor for 3 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved this sentence. On January 13, 1982, the United States Army Court of Military Review affirmed in a short-form opinion.

This Court granted review on the following issue:

WHETHER THE MILITARY JUDGE ERRED BY ADMITTING THE TESTIMONY OF A CID AGENT THAT THE AGENT WAS AWARE THAT THE APPELLANT HAD RECEIVED NONJUDICIAL PUNISHMENT FOR THE OFFENSE OF SODOMY AS A MATTER IN AGGRAVATION OF SENTENCE.

The facts surrounding the granted issue are not controverted by either party to this appeal and may be summarized as follows.

At an Article 39(a)[2] session, trial counsel offered prosecution exhibit 19 for identification as a matter in aggravation. It was a

---

1. Appellant was found guilty of wrongfully possessing 29 doses of lysergic acid diethylamide (LSD) and wrongfully selling four doses of LSD on April 11, 1980, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. He was also found guilty of wrongfully possessing 64 doses of LSD on April 17, 1980, in violation of Article 92. In addition, he was found guilty of wrongfully possessing 4.05 grams of marihuana and wrongfully selling some marihuana on April 4, 1980, in violation of Article 134, UCMJ, 10 U.S.C. § 934. Finally, he was found guilty of wrongfully possessing .01 gram of marihuana on April 17, 1980, in violation of Article 134.

2. UCMJ, 10 U.S.C. § 839(a).

copy of DA Form 2627, A Record of Proceedings under Article 15, UCMJ, 10 U.S.C. § 815. It evidenced the fact that appellant received nonjudicial punishment on January 3, 1980, for sodomy with an unidentified male on or about November 11, 1979, in violation of Article 125, UCMJ, 10 U.S.C. § 925. After entertaining a general objection from defense counsel as to the admissibility of this exhibit, the military judge refused to accept this record in evidence. He ruled that certain signatures on the document were illegible. *See United States v. Stewart,* 12 M.J. 143 (C.M.A.1981).

After the defense concluded an extensive case in extenuation and mitigation, the Government requested a side bar conference with the military judge, appellant, and defense counsel. The following discussion occurred:

TC: With respect to the Article 15 which was not admitted I am contemplating calling the First Sergeant to testify back on the stand to testify with respect to it in rebuttal. I would appreciate the court's kindness since this is a very sensitive matter and if it isn't proper rebuttal that might create—

MJ: Captain Wolanin?

DC: Your Honor, I would object to that.

MJ: On what basis?

DC: Well, first of all, Captain Hill had the opportunity to cross-examine him while he was on the stand. Secondly, I think there's the area of—I don't think the probative value here would outweigh the prejudicial impact on the jurors here. It's a very sensitive situation, especially in the sense that it was the Company Commander who decided in an Article 15 situation. There was no counsel present as to the Article 15—I just think it would be harmful.

MJ: You are asking me for a balancing test under Rule 403?

DC: As to my second objection, yes, your Honor. My first one being that counsel did have an opportunity—

MJ: As to the first one, counsel may call the witness back—that's a matter of

discretion of the court. As to the balancing factors, the court feels that the matter is probative, it will help the members determine an appropriate sentence in this case. I do not think it will confuse or mislead the court. I do not think it will have an undue prejudicial effect in view of what's already happened. I believe, also, that the door has been opened and that the probative value exceeds the danger of unfair prejudice. Thank you.

A short time later, the Government requested a session outside the presence of the members. The following discussion occurred:

TC: Yes, your Honor. With respect to the ruling you made a few moments ago about Sergeant Sharpe, the question that I have is that does that apply also to a CID [Criminal Investigation Division] agent called in rebuttal to testify to the same general matter, that is, that an Article 15 was received in early January and that it was for sodomy.

MJ: Well, that seems to me to be multiplicious. If you establish it with one witness, why do need it for—

TC: Your Honor, my understanding is that Sergeant Sharpe is aware that there was an Article 15, but as I talked with him further, he was not aware that it was for sodomy.

MJ: So are you going to call the CID Agent instead of Sergeant Sharpe?

TC: Exactly, your Honor.

MJ: Is there any objection other than the ones mentioned before?

DC: Same objections, your Honor.

MJ: Same ruling.

After defense counsel was permitted to interview the Government's witness, he took the stand, and the following ensued:

Q: Agent Fidler, are you aware of an Article 15 given to the accused in early January?

A: Yes sir, I am.

MJ: What year, please counsel?

Q: What year—1980?

A: Yes sir, it was January of 1980.

Q: Are you aware of what that Article 15 was for?

A: Yes sir.

DC: Objection, hearsay.

MJ: Objection is overruled. Witness may answer the question.

A: It was for an act of sodomy that occurred in November of 1979.

Q: How were you aware of this?

A: I was the agent that conducted the investigation.

TC: No further questions.

Defense counsel declined to cross-examine the CID Agent. Trial counsel in his closing argument referred to appellant's nonjudicial punishment for sodomy as a matter not known by the defense character witnesses. The military judge instructed the members that they could consider this Article 15 punishment as well as a second nonjudicial punishment, not challenged on this appeal, as matters relevant for sentencing.

The challenged evidence in this case was the testimony of the CID Agent that he was aware that appellant received nonjudicial punishment in January 1980 for an act of sodomy occurring in November 1979. For purposes of this appeal, we will assume that such evidence was a relevant matter for consideration by the members on sentencing. Mil.R.Evid. 401; para. 75e, Manual for Courts-Martial, United States, 1969 (Revised edition),[3] see generally United States v. Gambini, 13 M.J. 423, 430 (C.M.A. 1982). The question we will address is whether this presumably relevant evidence was presented in a reliable and trustworthy form so as to be admissible at this court-martial. Mil.R.Evid. 402; see 4 Wigmore, Evidence §§ 1171–72 (Chadbourn rev. 1972); United States v. Blau, 5 U.S.C.M.A. 232, 243, 17 C.M.R. 232, 243 (1954).

Trial counsel's offer of proof indicates that he intended to use the challenged testimony to evidence the imposition of nonjudi-

cial punishment on appellant in January 1980. Nonjudicial punishment as authorized by Article 15 is an administrative tool provided to the commander to deal with minor offenses. See Middendorf v. Henry, 425 U.S. 25, 31–32, 96 S.Ct. 1281, 1285–1286, 47 L.Ed.2d 556 (1976). Congress in Article 15(g), and the President in paragraph 133c, Manual, supra, have mandated that records be kept of this administrative action. The Secretary of the Army has complied with this order. E.g., para. 3–15, Army Regulation 27–10 (c. 20, August 15, 1980).

This Court has approved admission of records of nonjudicial punishment at courts-martial as a matter to be considered by a court-martial in its deliberations on sentence. United States v. Johnson, 19 U.S.C. M.A. 464, 42 C.M.R. 66 (1970). It did so on the basis of its interpretation of Article 15 and paragraph 75d, Manual, supra. No case law or rule of evidence has been presented to this Court which would particularly permit proof of imposition of nonjudicial punishment other than in this fashion. See generally Wigmore, supra, § 1270.

The Government argues that since this evidence was admitted in rebuttal under paragraph 75e, Manual, supra, and not in aggravation, the personnel-record requirements of paragraph 75d, Manual, supra, need not be met. Our review of paragraph 75d reveals no such distinction. Moreover, we fail to find authority for this distinction in paragraph 75e, Manual, supra. The cases cited by the Government concerned the relevance of evidence offered in rebuttal, not its reliability in accordance with accepted rules of evidence. See United States v. Hamilton, 20 U.S.C.M.A. 91, 42 C.M.R. 283 (1970); United States v. Plante, 13 U.S.C. M.A. 266, 32 C.M.R. 266 (1962). Therefore, we have grave doubts that the requirements of proof embraced in paragraph 75d, Manual, supra, were not also intended to apply to rebuttal evidence on sentencing. See United States v. Shipman, 9 U.S.C.M.A.

---

**3.** At the time of trial, change 4 to the Manual for Courts-Martial, United States, 1969 (Revised edition), was in effect. The Manual, supra, was amended by Executive Order 12315

(July 29, 1980), but these changes are not pertinent to our decision in the present case. See para. 75d, Manual, supra (change 5).

665, 667, 26 C.M.R. 445, 447 (1958). At the very least, we are confident that paragraph 75e, Manual, *supra,* was not intended to serve as a means to circumvent these re-quirements.[4] *United States v. Boles,* 11 M.J. 195 (C.M.A.1981).

Another reason exists for our conclusion that this presumably relevant evidence was inadmissible at appellant's court-martial. Mil.R.Evid. 602 provides:

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.

Here, the CID Agent testified that he was aware of appellant's nonjudicial punishment because he investigated the underlying offense. In our opinion, this evidence is insufficient to show that the agent had personal knowledge that appellant was awarded nonjudicial punishment and all the legal requirements for its imposition were met. Article, 15, UCMJ. Moreover, we are not even convinced that this evidence demonstrated that this agent had first-hand knowledge that appellant engaged in illicit sexual conduct. No exception to the hearsay rule can be gleaned from his testimony to justify its admission. Mil.R.Evid. 802 and 803. Under these circumstances, we believe the Government failed to establish an adequate foundation for admission of the challenged testimony. *See generally McCormick's Handbook of the Law of Evidence* § 10 (E. Cleary 2nd ed. 1972).

In our opinion, the rules of evidence are not so relaxed at a court-martial proceeding on sentence as to eliminate the requirement that the Government demonstrate that its evidence is in some way reliable. *See* Mil. R.Evid. 1101(c); *United States v. Mack,* 9 M.J. 300, 319 (C.M.A.1980). The record of trial in this case is inadequate in this regard and presents to us plain error. Mil.R.Evid. 103(d). In view of the nature of the erroneously admitted evidence and the circumstances in which it was presented, we conclude such error was prejudicial. *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a).

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for submission to that court for reassessment of the sentence or to order a rehearing on sentence. *United States v. Boles, supra* at 201.

Chief Judge EVERETT concurs.

COOK, Judge (concurring with reservations):

I fully agree with the majority that the "evidence is insufficient to show that the agent had personal knowledge that appellant was awarded nonjudicial punishment and all the legal requirements for its imposition were met"; that there is insufficient evidence to show that "this agent had first-hand knowledge that appellant engaged in illicit sexual conduct"; and that "the Government failed to establish an adequate foundation for admission of the challenged testimony." 15 M.J. at 245. However, I do not agree that the evidentiary requirements of paragraphs 75d and e, Manual for Courts-Martial, United States, 1969 (Revised edition), are the same, and, hence, must disassociate myself from that part of the majority opinion.

The language of the aforementioned paragraphs, in effect at the time of the accused's trial (Change 3, September 1, 1980), is essentially similar to that in preceding versions of the Manual. Paragraph 75d, Manual, *supra,* provides that the trial counsel, in accordance with regulations promulgated by the Secretary concerned, may introduce personnel records pertaining to accused. This is permitted without regard to any evidence offered by the accused in mitigation or extenuation of the offense(s) of which he has been convicted. These personnel records must be "made or maintained in accordance with departmental

---

**4.** After failing to secure admission of the record of appellant's nonjudicial punishment for sodomy, trial counsel attempted to parade this matter before the members under the guise of cross-examining a defense character witness, Sergeant First Class Gunzl. *See United States v. Donnelly,* 13 M.J. 79, 83 (C.M.A.1982) (Everett, C.J., concurring in the result).

regulations which reflect the past conduct and performance of the accused." In addition to the restrictions imposed by such regulations, this Court has judicially set requirements for certain types of records, such as Article 15(s) and performance evaluations. *See United States v. Morgan,* 15 M.J. 128 (C.M.A.1983); *United States v. Mack,* 9 M.J. 300 (C.M.A.1980); *United States v. Booker,* 5 M.J. 238 (C.M.A.1977), vacated in part, 5 M.J. 246 (C.M.A.1978). Consequently, both as to subject and form, there are limitations on the evidence which may be introduced under the authority of subparagraph *d.*

However, the situation is different under paragraph 75*e,* Manual, *supra,* which provides that

[a]fter matter in aggravation, extenuation, or mitigation has been introduced, the prosecution or defense has the right to cross-examine any witnesses and to offer evidence in rebuttal.

Subparagraph *e* is indicative of the adversary character of the sentencing portion of the trial, in that it limits evidence to that in "rebuttal" of evidence submitted by the opposing side. *See United States v. Morgan, supra* at 138 (Cook, J., concurring in the result). The purpose of such rebuttal evidence is to explain, clarify, or contradict the opponent's evidence. *See United States v. Shaw,* 9 U.S.C.M.A. 267, 271, 26 C.M.R. 47, 51 (1958) (Ferguson, J., dissenting). Since the defense is given wide latitude in the nature of the evidence it is permitted to offer, *see* para. 75*c*(1), Manual, *supra,* some latitude must likewise be accorded to the Government or only a one-sided picture is presented to the sentencing authority. *See* para. 75*c*(2), Manual, *supra.* Thus, paragraph 75*e* of the Manual is not subject to the same evidentiary limitation as paragraph 75*d* of the Manual.

Here the accused made an unsworn statement, *see* para. 75*c*(2), Manual, *supra,* in which he stated that he had a good career and had never been convicted of a crime in the military. While this statement might be technically correct in a legal sense, trial counsel certainly had the obligation to correct any misapprehensions engendered by this statement by referring to the accused's record of nonjudicial punishments for past offenses. I agree with the majority that evidence of the accused's nonjudicial punishment for sodomy "was a relevant matter for consideration by the members on sentencing." 15 M.J. at 244. However, since the manner of presenting such evidence was inadequate to establish a foundation for the witnesses' knowledge of the Article 15, the military judge should have sustained defense counsel's objection.